NEW YORK GRAPE SUGAR CO. *v.* PEORIA GRAPE SUGAR CO.

SAME *v.* PEORIA STARCH MANUF'G CO.

*(Circuit Court, N. D. Illinois.    October 20, 1884.)*

PATENTS FOR INVENTIONS—SEVERAL PATENTS APPLICABLE TO SAME PROCESS—INFRINGEMENT—EXPIRATION OF ONE PATENT—MOTION TO DISMISS.

Where a bill, in addition to the usual charges of infringement of three patents specified therein, states that "these several letters patent are applicable to the same process, and are so used by defendants," and it appears that it may be impossible to award damages for infringement of two of the patents, without also taking into consideration the value of the other patent, a motion to dismiss the bill as to such patent, because it was so near its expiration that an injunction could not be granted under it, may be overruled.    *Betts* v. *Gallius*, L. R. 10 Eq. 393, distinguished.

In Equity.

*Dent & Black* and *Cratty Bros.*, for complainant.

*Banning & Banning* and *George F. Harding*, for defendants.

BLODGETT, J.    This is a bill filed for an injunction and accounting against the defendant by reason of the alleged infringement of three patents,—the first issued June 11, 1867; the second issued September 8, 1868; and the third, on the fifteenth of April, 1873,—all of said patents being issued to J. J. Gilbert for "improvement in the manufacture of starch," and having been, as averred by the bill, duly assigned to complainant.    Defendants move to dismiss the bill as to the first-mentioned patent on the ground of want of jurisdiction in equity, because this patent was so near its expiration that an injunction could not have been properly granted under it.    I think a demurrer to so much of the bill as relates to the first patent referred to would have been the better method of raising the question, but as the argument proceeded upon the right of complainant to relief in equity on this patent, under the case made in the bill I will consider only the merits of the question discussed by counsel, without reference to the mode of practice which was adopted in getting at it.

Since the decision of the supreme court in *Root* v. *Railway Co.* 105 U. S. 198, that equity has no jurisdiction in a suit upon an expired patent, when the only relief sought is an accounting for profits and damages, the decisions at the circuit have not been uniform as to such jurisdiction in cases where the patent expires after the commencement of the suit, and before decree.    In the opinion in *Root* v. *Railway Co.* the court cites approvingly *Betts* v. *Gallais*, L. R. 10 Eq. 393, in which Vice-chancellor JAMES held that he would not entertain a bill for the mere purpose of giving relief in damages for the infringement of a patent where it had been filed so immediately before the expiration of the patent as to render it impossible to obtain an injunction.    The bill in this case, in addition to the usual charges of infringement of these three patents, states that "these several letters patent are applicable to the same process, and are so used by the defendants."    It therefore seems to me that, as there is no question made as to complainant's right to relief in equity as to the two later patents, and as it is charged that all these patents are used in a common process, it may be impossible to award damages for the infringement of the two later patents without also taking into consideration the value of the first patent.    I am therefore of opinion that, upon the case made by the bill, it may be necessary to consider the value of all these patents to the complainant in the common process in which defendants are alleged to use them, and that it may be difficult, if not impossible, to determine their separate value, or the separate profits made by defendants in their use.    The bills in these cases were filed more than three months before the expiration of the first patent, and the court cannot, therefore, say, as was said by Vice-chancellor JAMES, that it is impossible to have given complainant an

injunction on the oldest patent, or even to have reached a final decree on the merits before the expiration of the patent. An answer was due at the first rule-day after the filing of the bill, and, for aught the court can say, the case might have been brought to a hearing upon the bill and answer, and decree rendered before the expiration of the earlier patents. There was certainly time to have given notice and argued the application for an injunction, which, the court must assume from the language of Vice-chancellor JAMES, there was not time to do in the case decided by him. It seems to me, therefore, that the case made by this bill is exceptional to those which have been cited in support of the demurrer.

The motion to dismiss as to the patent of June, 1867, is overruled.