## BROOKS *v.* MILLER.[1]

*(Circuit Court, W. D. Michigan. 1886.)*

1. **PATENTS FOR INVENTIONS—REMEDY FOR INFRINGEMENT.**
   A patentee in resorting to his remedy for infringement, whether in a court of law or equity, is bound by the same principles affecting the jurisdiction of the two tribunals as prevail in other branches of law. If the remedy at law is ample, he is bound to pursue it; otherwise he may resort to a court of equity.

2. **SAME—INJUNCTION—DAMAGES.**
   In case of an infringement then continuing, a patentee is not restricted to the remedy at law, but may apply for an injunction, and, upon his bill, obtain an award of damages for past infringements.

3. **SAME—EQUITABLE RELIEF—MULTIPLICITY OF SUITS.**
   A court of equity interferes, by injunction, to restrain threatened or continuing infringement of a patent, for the purpose of preventing a multiplicity of suits; and, having jurisdiction of the case for that purpose, awards damages already incurred, and thus affords a complete remedy.

4. **SAME—ADEQUATE REMEDY AT LAW.**
   But if a case of infringement of patent is not one appropriate for an injunction, but is for damages only, as, for example, when the bill is filed after the expiration of the patent, the remedy is at law only.

5. **SAME—EXPIRATION OF PATENT PENDING SUIT.**
   The mere fact that the patent expires pending the suit will not oust the jurisdiction of a court of equity, if, at the time of the filing of the bill, an injunction was prayed, and the right to it existed.

---

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

**6. SAME—EQUITABLE RELIEF.**

But the substantial hold which a court of equity has in a suit for infringement of patent being for the purpose of awarding an injunction, it will not entertain the case at all if the expectation of affording that remedy is manifestly illusory.

In Equity.

*Shaw & Bolster*, for complainant.

*Edward Taggart*, for defendant.

SEVERENS, J. This case is that of a bill in equity filed by the complainant, who alleges that he is the patentee of an invention for constructing machines for the manufacture of excelsior, a material employed in the making of mattresses. He asserts that the defendant is infringing his patent by using a machine substantially like his, and for the same purpose, at Benton Harbor, and he prays for damages and for an injunction. No provisional injunction was, however, applied for. The patent has expired pending the suit, but not until a year or more after the bill was filed. The case came on to be heard at a former term of this court, before the late Judge BAXTER, who, on the opening statement by the solicitor for the complainant, inquired in what way the complainant derived income from his invention, and was informed that it was by the sale of licenses and collecting royalties, whereupon the bill was dismissed; the court holding that the complainant had an ample remedy at law; that it was to his interest that parties should manufacture and use his machines, giving him the right to a royalty therefor, and hence there was no ground for an injunction; and that it followed that the judgment of a court of law for his damages was all the complainant could ask. Subsequently a motion for a rehearing was made before Mr. Justice MATTHEWS, who was then presiding in this court, and, on the stenographer's notes of what took place at the hearing being read, and counsel for defendant admitting that the substance of the case was as above stated, a rehearing was granted. Counsel are not agreed upon what ground the court proceeded in granting the rehearing, but it is not difficult to extract the reason of Mr. Justice MATTHEWS' action from the circumstances. There is no room for doubt that the defendant's machine was an infringement of the patent, and the only question of importance in the case is the one on which the court ruled at the former hearing and on the motion for rehearing.

On this rehearing the doctrine held by Judge BAXTER has been strongly contended for as sound and controlling, and the argument was well and plausibly made. A decision of my respected predecessor directly in point has been cited, (*Smith* v. *Sands*, 24 Fed. Rep. 470,) and there are two circuit cases, decided by Judge GRIER a number of years ago, of the same import, (*Sanders* v. *Logan*, 2 Fish. Pat. Cas. 167; *Livingston* v. *Jones*, 3 Wall. Jr. 343.)

I have felt much embarrassed at what seems to be the plain conflict between Judge WITHEY's considered judgment in the case of

*Smith* v. *Sands, ubi supra,* and the manifest reason adopted by Judge MATTHEWS in the present case. But it is to be observed of the former that it was decided subsequently to Judge BAXTER's ruling on the former hearing of this case, and it is likely that such ruling may have contributed largely to the decision at which Judge WITHEY arrived. That decision is opposed to the holding of Judge SAWYER in the case of *Bragg* v. *City of Stockton,* 27 Fed. Rep. 509, who cited the case, but decided the other way. Under these circumstances, I feel it to be my duty to follow the indications of the order granting the rehearing.

I do not find that the two cases decided by Judge GRIER have been of late years adhered to, or have been cited as supporting this doctrine in the text-books on patent law. The law on kindred topics has been much discussed in the supreme court recently, especially in the two cases of *Root* v. *Railway Co.,* 105 U. S. 189, and *Birdsell* v. *Shaliol,* 112 U. S. 485, S. C. 5 Sup. Ct. Rep. 244. From what has been settled in these and earlier cases it is clear that the following principles, leading to the decision of the present case, may be deduced:

(1) The patentee, in resorting to his remedy, whether in a court of law or equity, is bound by the same principles affecting the jurisdiction of the two tribunals as prevail in other branches of law. If the remedy at law is ample, he is bound to pursue it; otherwise he may resort to a court of equity.

(2) In case of an infringement then continuing by the unauthorized use of a machine which embodies his invention, the patentee is not restricted to the remedy at law, but may apply for an injunction, and, upon his bill, obtain an award for damages for past infringement. The reason for this is that a judgment at law for damages would at most come down to the trial, and the continued infringement would lay the ground for a second suit, and so on. See the opinion of Vice-chancellor WOOD in *Penn* v. *Bibby,* 3 Eq. Cas. 308, cited approvingly in 112 U. S. 488, and 5 Sup. Ct. Rep. 246; especially the latter portion of his opinion there quoted. There would be no way of stopping his continued violation of the plaintiff's right, and, on the principle of the court of equity of interfering for the purpose of preventing a multiplicity of suits, the patentee is entitled to resort to that court for an injunction. The court, having jurisdiction of the case for that purpose, awards damages already incurred, and thus affords a complete remedy.

(3) If the case is not one appropriate for an injunction, but is for damages only,—as, for example, when the bill is filed after the expiration of the patent,—the remedy is at law only.

(4) Where, as in the present case, there is, at the time of filing the bill, a right to an injunction, and one is prayed for, but no preliminary injunction is sued out, the fact that the right to a permanent injunction is lost pending the suit, as by the expiration of the patent, will not oust the court of jurisdiction. Its control of the case, having once attached, will continue notwithstanding such su-

pervening event. Of course, if the bill is filed so nearly before the expiration of the patent that, according to the usual practice of the court, no injunction could be obtained in time to be of any service, it is obvious that the bill should not be sustained. The substantial hold which the court has being for the purpose of awarding an injunction, it will not entertain the case at all if the expectation of affording that remedy is manifestly illusory. But if, at the commencement of suit, the facts exist, and there is time to afford the remedy while it may yet be efficient, it would be contrary to the general principles of the court to dismiss the bill, because, on account of the delays of litigation, it had lost the power to grant that relief, provided other subjects of legal inquiry remained in the case.

It is a necessary consequence of these doctrines that the complainant is entitled to a decree and an order of reference to ascertain the damages.