SINGER MANUF'G CO. *v.* WILSON SEWING-MACHINE CO. *et al.*

(*Circuit Court, N. D. Illinois.* March 18, 1889.)

1. PATENTS FOR INVENTIONS—SUIT FOR INFRINGEMENT—EXPIRATION OF PATENT.
   Equity will take cognizance of a suit commenced April 3d for the infringement of a patent which will expire August 28th following, as under the equity rules of the federal courts there is ample time between those dates to answer, take proofs, and bring the case to a final hearing.

2. SAME—PATENTABILITY—ANTICIPATION—SHUTTLE-CARRIERS.
   The specification in letters patent No. 57,585, August 28, 1866, to John Shallenberger, describes a circular-shaped shuttle-carrier mounted on the end of a rocking shaft so geared as to give it an oscillatory motion. In the upper periphery of the carrier, is a recess of suitable size and shape to receive the shuttle, and a gate or lid is hinged to the side of the carrier so as when shut to inclose the shuttle, and to allow its removal when open, the gate being held in a closed position by spring hooks. The claim is for the shuttle-carrier, made substantially as described, with a socket near its rim for the shuttle, and a hinged gate, which confines the shuttle, and covers the bobbin, the gate being provided with suitable means for locking and unlocking. Prior patents showed an oscillating shuttle-holder, and others a shuttle-holder with a lid or gate, but none showed the combination; and complainant's expert testimony was that none of them showed the Shallenberger device. Defendant offered no expert testimony. *Held* no anticipation.

3. SAME—INFRINGEMENT—COLORABLE CHANGE.
   It is but a colorable change to hinge the gate to an adjoining part of the machine instead of to the carrier or rim, and such change is insufficient to avoid a charge of infringement.

In Equity. Bill by the Singer Manufacturing Company against the Wilson Sewing-Machine Company and William G. Wilson.

*Offield & Towle,* for complainant.

*Coburn & Thacher* for defendants.

BLODGETT, J. This is a bill to restrain the alleged infringement of patent No. 57,585, granted August 28, 1866, to John Shallenberger, for an "improvement in shuttle-carriers for sewing-machines," now owned by complainant through mesne assignments, and for an accounting. The invention, as described in the specifications, consists of a circular-shaped shuttle-carrier, mounted upon the end of a rocking shaft so geared as to give an oscillatory motion to the shuttle-carrier. A recess is formed in the upper periphery of the carrier of suitable size and shape to receive the shuttle, and a gate or lid is hinged to the side of the carrier so as, when shut, to inclose the shuttle in its recess, and by swinging back the gate to allow of the removal of the shuttle from the carrier; spring

hooks being provided for holding this gate in the closed position. There is but one claim in the patent, which is:

"The shuttle-carrier, A, made substantially as described, with a socket near its rim for the shuttle, and a hinged gate, D, which confines the shuttle, and covers the bobbin; said gate being provided with suitable means for locking and unlocking the same as above set forth."

The defenses interposed are: (1) Want of jurisdiction in a court of equity from the fact that the patent was within about four and a half months of its expiration at the time this suit was commenced; (2) want of novelty; (3) that defendants do not infringe.

As to the first point. This suit was commenced April 3, 1883. The patent did not expire until August 28, 1883, so that there was ample time under the equity rules of the United States courts to have put in an answer, taken the proofs, and brought the case to a final hearing during the life-time of the patent. In the light, therefore, of the decisions in *Sugar Co.* v. *Sugar Co.*, 21 Fed. Rep. 878; *Dick* v. *Struthers*, 25 Fed. Rep. 103; *Adams* v. *Iron Co.*, 34 O. G. 1045, 26 Fed. Rep. 324,—this is a proper case for equity jurisdiction.

Upon the question of want of novelty, defendants have cited and put in evidence prior patents as follows: Patent to John Zuckerman, of July 25, 1865; patent to S. Comfort, Jr., of May 7, 1861; patent to E. Harry Smith, of April 17, 1855; patent to E. Singer, of November 15, 1859; patent to L. W. Langdon, of October 30, 1855; patent to John Hinckley, of November 25, 1851; patent to I. M. Singer, of December 11, 1866. No expert testimony, or opinions, are put into the case on the part of the defendants showing or tending to show that these patents, cited by the defendants, embodied or anticipated the invention in the patent under consideration. It is true that all these prior patents refer to shuttles and the means of operating them, in what are known as "lock-stitch sewing-machines," and some of them show an oscillating bobbin-holder. I have, however, very carefully examined these patents, and have been unable, from my own understanding of their mode of operation and effect, to discover in them the invention covered by the Shallenberger patent; while the testimony, adduced on the part of the complainant, of a skilled expert, goes to show that none of these old patents contain or show the device covered by the complainant's patent. It is true, I think, that some of these old patents do show an oscillating shuttle-holder, or bobbin-holder, and some of the others show a shuttle-holder with a lid or gate to inclose the shuttle in the holder; but none of them seem to me to embody the combination covered by the complainant's patent; and, as the proof now stands, with my own construction of these prior patents, I do not find any prior patent which shows an oscillating shuttle-carrier with a recess near its rim or periphery for carrying the shuttle, and a hinged gate or lid for confining the shuttle in its place when the machine is in operation, and for facilitating the removal of the shuttle when necessary, and a mode of fastening the gate in the closed position. I am therefore quite well satisfied from the proof that no anticipation of the claim of this patent is shown.

As to the third defense, that defendants do not infringe. The Shallenberger patent provided for the hinging of the gate to the oscillating carrier or rim, while the defendants hinge the gate to an adjoining part of the machine. I do not, however, consider this anything but a colorable change, and see no reason why the defendants could not as readily have hinged the gate to the shuttle-carrier as to have hinged it to another part of the machine; and, as I construe the Shallenberger patent, I do not think that he necessarily limited himself to hinging the gate to the carrier itself, as I think it was sufficient that the gate should be so hinged as to confine the shuttle and cover the bobbin, so as to retain it within the recess provided in the carrier when the machine was in operation. I am therefore of opinion that the charge of infringement is clearly established by the proof, and a decree will be entered finding that the patent is valid, and that defendants have infringed it as charged.

The suit is not only against the Wilson Sewing-Machine Company, but against William G. Wilson, who was the president of that company; and the testimony in the case tends to show that he was not only the president but the chief stockholder and manager of the company, being, as one of the witnesses expressed it, "the company itself in all respects;" and, as the proof now stands, I think complainant is entitled to a decree for damages against Wilson as well as the company, but that question may be reserved until the coming in of the master's report upon the damages, when the defendant Wilson will be at liberty to put in proof on the reference to the master as to damages bearing upon the question of his personal liability.