AMERICAN CABLE RY. CO. *v.* CHICAGO CITY RY. CO. *et al.*

*(Circuit Court, N. D. Illinois.* February 10, 1890.)

PATENTS FOR INVENTIONS—ACTIONS FOR INFRINGEMENT—EQUITY—JURISDICTION.
  Equity will not entertain a bill for infringement of letters patent which expired between the date of service and the return-day; there being no special facts alleged entitling complainant to an injunction.

In Equity. On bill for infringement of letters patent.
*C. H. Williams* and *H. T. Davis,* for complainant.
*West & Bond,* for defendants.

BLODGETT, J. This is a bill in equity praying an injunction and accounting for profits and damages by reason of the alleged infringement of patent No. 131,913, granted October 1, 1872, to Abel Thompson, for "an improvement in street railways." Defendants demur to the bill on the ground that it does not show a case for the jurisdiction of a court of equity, and because it appears upon the face of the patent, which is made a part of the bill, that it is void for want of patentable novelty.

The bill was filed on the 16th of September, 1889, subpœna served on the 17th day of the same month, returnable on the first Monday in October then next, which was on the 7th day of the last named month. Equity rule 17 requires the defendant to appear on the rule-day to which the subpœna is made returnable, when the service is made 20 days before that day. By excluding the day of service, and including the return-day, which is the practice of this court in computing time for this purpose, this process was served in time to require the appearance of the defendant on the 7th day of October. The patent was granted on the 1st day of October, 1872, and expired on the 1st day of October, 1889; so that the patent had expired when the defendants were required to appear, and when, if they had been duly served, and had not appeared, they could have been defaulted. In *Root* v. *Railway Co.,* 105 U. S. 189, it was held that equity only takes jurisdiction in suits for the infringement of a patent where the bill shows that part of the complainant's remedy is the right to an injunction, or some special equitable relief, the foundation for which is laid in the bill. And in *Clark* v. *Wooster,* 119 U. S. 322, 7 Sup. Ct. Rep. 217, the court clearly intimates that if no injunction could have been obtained the bill ought to be dismissed.

In the case now in hand the patent had 14 days of life when the bill was filed, and no application for an injunction *pendente lite* was made; and the patent had expired before the return-day of the process, and before the complainant would have been entitled to a default, even if the defendants had not appeared and defended. As there is no special case made by the bill showing that an injunction was part of the remedy to which the complainant would be entitled by reason of special facts alleged, it follows that no injunction would have been awarded by the court if the complainant had obtained a decree *pro confesso.* The case

therefore comes clearly within the rule in *Root* v. *Railway Co.*, and the bill must be dismissed for want of jurisdiction.

My conclusion upon the first point renders it unnecessary to consider the question as to the novelty of the device covered by the patent.