KEYES *et al. v.* EUREKA CON. MANUF'G CO.

*(Circuit Court, N. D. California.* January 26, 1891.)

1. PATENT—INFRINGEMENT—PRELIMINARY INJUNCTION.

    In an action for infringement, brought only a few days before the expiration of the patent, it appeared that the invention was made and patented while the patentees were in the employment of defendant, though they soon afterwards left it; that defendant had, with plaintiffs' knowledge and approval, used the invention prior to the issue of the patent, and such use had continued to the commencement of the suit, without any contract for compensation, though one of the patentees had notified defendant's president that, after he left its employment, defendant must pay for the use of the invention at the same rate that others paid. *Held,*

that there was no ground for equitable interference to restrain such use for the few remaining days of the life of the patent by preliminary injunction.

2. SAME—SUIT FOR ROYALTIES—NATIONAL JURISDICTION.

The only ground of equitable jurisdiction being relief by injunction, and patent having expired before defendant was required to answer, so that no injunction could have been granted on final decree, the only remaining cause of action, being for royalties under an implied license for the use of the invention after the notice, is purely legal, and, in the absence of a proper showing as to citizenship, there is no element of national jurisdiction, and the suit must be dismissed.

In Equity.

*John Flournoy*, for complainants.

*Naphtaly, Frederick & Ackerman* and *John H. Miller*, for respondent.

Before SAWYER, Circuit Judge.

SAWYER, **J.** This is a suit for damages for infringement, and to enjoin further infringement of letters patent No. 121,385, granted to complainants, Winfield Scott Keyes, and Albert Arents, dated November 28, 1871. The bill was filed October 29, 1888, 29 *days before the expiration of the patent.* The respondent was required by the subpœna to *appear* on the 3d day of December, 1888, *after the patent had expired.* The answer would not have been regularly due under the rules of the court, *till the first Monday of January*, 1889. No notice was given of an application for an injunction, *pendente lite*, and no such application was made. Consequently, before any action of the court could be had, and before respondent was required to appear in court, the term of the patent had expired, and the only possible remedy upon the bill filed, was damages for an infringement; and under the circumstances of the case, a recovery of the royalties established for the use of the patent. When the patent was applied for and issued, the complainants were both in the employment of the respondent,—the complainant, Keyes, as superintendent of respondent's mine, and the complainant, Arents, as assayer and smelter at respondent's mine and smelting works, each receiving a regular salary. While thus engaged in the respondent's employment, and managing its works, they made the invention covered by the patent. On April 19, 1871, the complainants put their improvement, afterwards patented, on the first furnace of respondent, before the application for a patent, and on April 24th, the date of the application for a patent, they put it on the second furnace. Those improvements were, continuously, used in respondent's works from that time on, while complainants remained in its employment, and, afterwards, till the commencement of this suit; and such use of these improvements constitute in part, at least, if not in whole, the infringement complained of in this suit. The complainant, Keyes, left respondent's employment, as superintendent, on September 1, 1872, and complainant, Arents, as assayer, and smelter, on November 10, 1872. The respondent continued to use these improvements after complainants left its employment, down to the time of the commencement of this suit. Complainants knew of this use. It does not appear that complainant, Keyes, ever had any communication with respondent upon the subject, of the use of this improvement. But complainant, Arents, notified the president of the respondent, in June, 1872, that the company could use

the improvement while he remained in its employ, but that after he left such employment he would require the company to pay what others had to pay for the use of the improvement. Mr. Arents, after he left, at various times, but when, not shown, made demands upon the secretary of company, respondent, for payment for the use of the improvement, and in the summer of 1888, made a similar demand upon the president of the company, respondent. From July to October, 1888, complainants endeavored to reach an amicable settlement with respondent for its said use of their improvement, and on failure to make a satisfactory settlement, this suit was instituted.

The respondent does not contest the validity of the patent, or deny the use of the improvement as stated, or set up any of the defenses specially authorized by the statute. The defense is, 1, that upon the facts as they appear, no case for equitable jurisdiction is presented, and, therefore, the bill must be dismissed, under section 721, Rev. St. 2. That under the facts as they appear, the defendant had an implied license to use the invention without compensation, while Arents continued in its employ, and after he left, for the same royalties charged other parties, and, consequently, there being a license, there is no legal infringement, and the remedy of plaintiffs is an ordinary action at law to recover the amount of the royalties accrued for use under the implied license; and over such an action, no diversity of citizenship appearing, the national courts have no jurisdiction.

On both grounds, I think the bill must be dismissed. The only ground for equitable jurisdiction is an injunction. As the patent expired before the respondent was required or could have been required to appear to the suit, no injunction could have been granted in the final decree. No injunction *pendente lite* was obtained or asked for. No preliminary restraining order was asked of the court, and no notice given to respondent that an injunction *pendente lite* would be asked. Had an application been made upon notice, and the facts now shown been made to appear in response to the motion, as they, undoubtedly, would have been, no court of equity, I apprehend, would have granted a temporary injunction for the few remaining days of the life of the patent, even if the application could have been brought to a hearing before its termination. The respondent had been using this improvement, introduced into its works by the complainants themselves, in part, at least, before the patent was applied for, and long before it was issued, with the knowledge and manifestly the tacit approval of the complainants, with the understanding that it could use it for the usual royalty charged others, down to within a few days of the expiration of the patent. Under such circumstances it would have been grossly inequitable to suddenly enjoin it from further use for the remaining few days the patent had to run, had such an injunction been, seasonably, asked. The laches and tacit, not to say express acquiescence of the complainants in the use of the improvements as shown by the record, estopped them from equitably demanding an injunction. Under the special circumstances of the case, complainants were not equitably entitled to an injunction *pendente lite*,

had one been demanded. And this is no impeachment of the general doctrine announced in many cases, including those cases cited by complainant's counsel, that a patentee is ordinarily entitled to an injunction when his patent is willfully infringed, without any fault of his own, or other circumstances affecting the equities of the case in favor of respondent for even a few remaining days of the life of his patent. Undoubtedly an injunction *pendente lite* during the life of the patent, should not be refused while the patent is in force, merely because before a final decree can be had in the ordinary course of proceeding, the term of the patent would expire. But other important circumstances affect the equities of this case, that take it out of the ordinary course.

I am also, of opinion, upon the undisputed facts disclosed, that there was an implied license, at least, to use this patent by the respondent, upon the same terms or royalties fixed for other parties, from the time complainants left the employment of respondents, and that the use of it in the manner shown, and so long acquiesced in, is not an infringement in the proper sense of that term. The remedy of complainants, therefore, is an action at law to recover the royalties accrued for the use in pursuance of such implied license. This being so, and no diversity of citizenship of the parties appearing, no element of jurisdiction in the national courts is shown, and on that ground, also, the bill must be dismissed.

Let the bill be dismissed upon the grounds stated, with costs.