<hr />

NEW YORK FILTER MFG. CO. v. LOOMIS-MANNING FILTER CO.

(Circuit Court, S. D. New York. February 26, 1898.)

1. PATENTS—PRELIMINARY INJUNCTION—EFFECT OF PRIOR DECISIONS.
    On motion for a preliminary injunction, where the validity of complainant's patent has been established by repeated adjudications, and no new evidence is offered, the question is not an open one.
2. SAME—SUITS FOR INFRINGEMENT—LACHES.
    Where the owner of a patent proceeds with reasonable diligence in the prosecution of test suits for infringement, he will not be held guilty of laches which will defeat suits against other infringers because such suits are not commenced until the validity of his patent has been established.
3. SAME—IMPROVEMENT IN WATER FILTERS.
    The Hyatt patent, No. 293,740, for an improvement in the art of filtration of water, held valid and infringed, on motion for preliminary injunction.

This is a suit in equity by the New York Filter Manufacturing Company against the Loomis-Manning Filter Company for the infringement

of the Hyatt patent, No. 293,740, for an improvement in the art of filtration of water. Heard on motion for preliminary injunction.

Myron H. Phelps and John R. Bennett, for the motion.
Charles J. Bonaparte, opposed.

LACOMBE, Circuit Judge. The validity of the patent has been established by repeated adjudications; some of them upon evidence of the identical alleged anticipating device here relied on. No new case against validity is made out, and the earlier decisions are to be followed. Infringement seems clear, and indeed is not disputed. The only objection seriously urged to the granting of the relief asked for is laches in not sooner proceeding against defendant and its predecessors, who have been openly infringing for years. But complainants have been reasonably diligent in prosecuting other infringers, and sustaining the validity of the patent upon two successive appeals to the circuit court of appeals. Under the rule followed in this circuit, laches is not made out. Edison Electric Light Co. v. Sawyer-Man Electric Co., 3 C. C. A. 605, 53 Fed. 597; Same v. Mt. Morris Electric Light Co., 57 Fed. 644. I do not find anything in the suggestion of an equitable estoppel by reason of the letter of the National Water Purifying Company, written to one of defendant's predecessors at a time when the last-named company was fighting the patent. It cannot be assumed that any improper use will be made of the preliminary injunction, and the order will, of course, be strictly confined to the relief prayed for in the bill, which is against using, selling, practicing, etc., "the inventions and discoveries of the patent," of which invention an essential feature is the use of a coagulant. Making, using, or selling filters which do not require or employ a coagulant will, of course, not be covered by such an injunction. Motion granted.