UNITED STATES MITIS CO. v. DETROIT STEEL & SPRING CO.

(Circuit Court of Appeals, Sixth Circuit. May 19, 1903.)

No. 1,151.

1. PATENTS—SUIT FOR INFRINGEMENT—EQUITY JURISDICTION.

A court of equity has jurisdiction of a suit for infringement of a patent where both a temporary and permanent injunction were prayed for, and the answer to the bill was due more than a month before the expiration of the patent, although no motion for a preliminary injunction was made; and, having thus acquired jurisdiction to grant both temporary and permanent relief, it cannot be defeated by the failure of defendant to observe the rules and plead before the patent expired, nor by any change of conditions occurring after the filing of the bill.

2. SAME—PLEADING—VERIFICATION OF BILL.

A bill in equity for infringement need not be positively verified unless it is sought to be used as evidence on a motion for a preliminary injunction.

3. SAME—LACHES.

A complainant who brings suit for infringement within six months after the termination of other litigation which involved the validity and construction of his patent is not chargeable with laches which will defeat his right to relief.

4. SAME—CONSTRUCTION OF PLEADING.

An allegation in a bill filed in 1899 that defendant has infringed complainant's patent "since the 1st day of January, 1893," is not to be construed as stating that the infringement began on that date and has continued ever since, so as to render the bill subject to demurrer for laches, but as charging that the infringement occurred subsequent to such date.

Appeal from the Circuit Court of the United States for the Eastern District of Michigan.

Henry N. Paul, Jr., and Jos. C. Fraley, for appellant.

Wells, Angell, Boynton & McMillan (Cyrus E. Lothrop, of counsel), for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This was a suit in equity, brought by the appellant, which was the complainant below, to restrain the alleged infringement of a patent for an improvement in the process of manufacturing castings from wrought iron and steel by adding aluminum, and incidentally for an accounting of profits and an assessment of damages. The bill was verified by the secretary of the complainant company, who affirmed that the statements it contained were true, to the best of his information and belief, and contained interrogatories calculated to compel the defendant to disclose certain facts respecting the process it used in manufacturing castings from wrought iron and steel by adding aluminum, which would throw light upon the question whether it was guilty of the infringement charged, or not. The bill was filed April 10, 1899, and a subpœna was issued and served that day, requiring the defendant to appear on the first Monday in May (May 1, 1899), and to answer on the first Monday of June (June 5, 1899). The patent sued on did not expire until July 8, 1899. No application for a preliminary injunction was made by the complainant. The defendant did not plead until July 27, 1899, when it demurred to the bill, because, first, it was not properly verified; second, upon the facts pleaded, the complainant was not entitled to any equitable relief; and, third, by reason of laches the complainant was not entitled to an injunction, the patent having less than three months to run after the bill was filed. On June 4, 1900, the demurrer was argued and submitted, and the court on June 16, 1902, sustained the

¶ 2. Pleading in infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

¶ 3. Laches as a defense in suits for infringement, see notes to Taylor v. Spindle Co., 22 C. C. A. 211; Richardson v. D. M. Osborne & Co., 36 C. C. A. 613.

See Patents, vol. 38, Cent. Dig. § 468.

demurrer and dismissed the bill, "but without prejudice to the complainant's right to proceed at law for damages and profits." From this decree an appeal was taken to this court.

It appears in the bill that the complainant became the owner of the patent on May 25, 1886. On April 26, 1895, it filed a bill in the United States Circuit Court for the Eastern District of Pennsylvania against the Carnegie Steel Company, Limited, alleging infringement. On July 11, 1898, that court awarded a decree in its favor, adjudging the patent valid, and sustaining the charge of infringement. 89 Fed. 343. From this decree an appeal was taken to the Circuit Court of Appeals, and on October 21, 1898, the decree below was affirmed by stipulation. 90 Fed. 829, 33 C. C. A. 387. In this case not only was the validity of the patent upheld, but the nature and limits of the patented improvement defined. Within less than six months after the determination of the litigation with the Carnegie Steel Company, Limited, this suit was instituted.

1. The court below apparently took the view that its jurisdiction in equity was dependent upon the right of the complainant to a preliminary injunction upon the bill as filed, and therefore held the verification upon information and belief insufficient. But there was no attempt to use the bill as evidence to secure an injunction pendente lite. Nor was there any need to do so, in order to sustain the jurisdiction of the court. The bill was filed April 10th. The patent did not expire until July 8th. Under the rules the answer of the defendant was due June 5th, more than a month before the patent expired. The bill, after describing the patent, averring its ownership by the complainant, and setting forth the adjudication sustaining it, charged the defendant with infringement, and called for answers to certain interrogatories calculated to clear up any doubt upon the point of infringement. If the defendant had answered upon the rule day, June 5th, admitting the use of the patented process, or if it had failed to plead, and allowed the bill to be taken pro confesso, in either event the complainant would have been entitled to a permanent injunction a month before the expiration of the patent. The fact that the defendant failed to comply with the rules cannot prejudice the complainant. The complainant had reason to expect the answer on the rule day, and on each day thereafter until the defendant filed its pleading. For these reasons, it was not necessary to verify the bill in positive terms. Hughes v. Northern Pacific Railway Co. (C. C.) 18 Fed. 106, 110; Black v. H. G. Allen Co. (C. C.) 42 Fed. 618, 622, 9 L. R. A. 433; Burns v. Lynde, 6 Allen, 305; Moore v. Cheeseman, 23 Mich. 332; Robinson v. Baugh, 31 Mich. 290, 293; Hawkins v. Hunt, 14 Ill. 42, 44, 56 Am. Dec. 487. Sand Creek Turnpike Co. v. Robbins, 41 Ind. 79, 81.

2. What has thus far been said indicates the view we entertain—that the bill was filed long enough before the expiration of the patent to give a court of equity jurisdiction of the case. The bill was filed nearly three months before the expiration of the patent, and contained prayers for a preliminary and a perpetual injunction. The patent had yet a month to run after the defendant was required to answer under the rules. It was therefore clearly within the power of the court,

when the suit was begun, not only, upon proper proof, to grant a preliminary injunction, but, either by a decree pro confesso, in case of default, or upon the bill and answer, if an answer should be filed within rules, to dispose of the case finally, by awarding a permanent injunction, before the expiration of the patent. The conditions at the time the bill was filed thus availing to give the court jurisdiction, both for the purpose of a preliminary injunction and of a permanent decree, during the life of the patent, such jurisdiction could not be defeated by subsequent happenings, whether due to the delay of the defendant or the contingencies of litigation. New York Grape Sugar Co. v. Peoria Grape Sugar Co. (C. C.) 21 Fed. 878; Brooks v. Miller (C. C.) 28 Fed. 615; Singer Mfg. Co. v. Wilson Sewing Machine Co. (C. C.) 38 Fed. 586; American Cable Railway Co. v. Chicago City Railway Co. (C. C.) 41 Fed. 522; Keyes v. Mfg. Co. (C. C.) 45 Fed. 199; Ross v. City of Ft. Wayne, 63 Fed. 466, 11 C. C. A. 288; Chinnock v. Paterson Tel. Co. (C. C.) 110 Fed. 199; Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, 30 L. Ed. 392; Beedle v. Bennett, 122 U. S. 71, 7 Sup. Ct. 1090, 30 L. Ed. 1074; Busch v. Jones, 184 U. S. 598, 22 Sup. Ct. 511, 46 L. Ed. 707.

3. There is nothing in the record to sustain the charge of laches on the part of the complainant. The infringement by the Carnegie Company is charged to have occurred "in or about the year 1895." The suit against the company was instituted "on or about the 26th day of April, 1895." That suit was finally determined in favor of the complainant on October 21, 1898. Such pending litigation involving the validity and construction of the patent was sufficient reason for not bringing other suits for infringement until the patent should be finally adjudicated. Edison Electric Light Co. v. Sawyer, 53 Fed. 592, 3 C. C. A. 605; Taylor v. Sawyer Spindle Co., 75 Fed. 301, 22 C. C. A. 203; New York Filter Mfg. Co. v. Loomis-Manning Filter Co. (C. C.) 91 Fed. 421. Less than six months after the patent was thus adjudicated, this suit was instituted. In this there was obviously no unreasonable delay. Stearns-Roger Mfg. Co. v. Brown, 114 Fed. 939, 944, 52 C. C. A. 559.

The averment in the bill that the defendant, "within the said Eastern District of Michigan, and since the 1st day of January, 1893," unlawfully used a process substantially the same as that protected by the patent of the complainant, is not fairly open to the construction that the infringement charged began on the 1st day of January, 1893, and has continued ever since. The natural and reasonable construction is that the infringement charged occurred after or subsequent to January 1, 1893, without specifying precisely when. Kaolatype Engraving Co. v. Hoke (C. C.) 30 Fed. 444, 445; Wyckoff v. Wagner Typewriter Co. (C. C.) 88 Fed. 515.

The decree must be reversed and the case remanded, with directions to overrule the demurrer and require the defendant to answer.