PALMER et al. v. SUPERIOR MFG. CO.

(Circuit Court of Appeals, Second Circuit. December 9, 1913.)

No. 61.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—APPARATUS FOR INVERTING TUBULAR FABRICS.

An order denying a preliminary injunction against infringement of the Palmer patent, No. 878,995, for apparatus for inverting tubular fabrics, reversed.

Appeal from the District Court of the United States for the Northern District of New York.

Suit in equity by William B. Palmer and Jesse V. Palmer against the Superior Manufacturing Company. From an order denying a preliminary injunction, complainants appeal. Reversed.

For opinion below, see 203 Fed. 1003.

The District Court denied a motion for a preliminary injunction restraining the infringement of claim 1 of letters patent No. 878,995 granted to William B. Palmer February 11, 1908, for improvements in apparatus for inverting tubular fabrics. The decision of the District Court is reported in 203 Fed. 1003. The patent was also considered by the District Court in an action against the Jordan Machine Company, the decision being reported in 186 Fed. 496. The decision of this court on appeal is reported in 192 Fed. 42, 112 C. C. A. 454.

Walter D. Edmonds, of New York City (Edmonds & Peck, of New York City, of counsel), for appellants.

Walter E. Ward, of Albany, N. Y., for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge. The validity of claim 1 of the Palmer patent has been expressly decided by this court and is not now in controversy. The only defense now seriously urged is non-infringement. The defendant is using one of the machines made made by the Jordan Company, but since the decision of this court it has made certain changes which it insists avoids infringement. Claim 1 is as follows:

"1. In an apparatus of the class described, the combination with the fabric supporting tube; of a pair of feed rolls adapted to engage the opposite sides of said tube; and yielding means for forcing said feed-rolls against said tube."

It is insisted that the defendant does not have the last element of the claim, viz.: "Yielding means for forcing said feed rolls against said tube." In our former decision we held expressly that the patentee was entitled to a fair range of equivalents and could hold as an infringer one who advanced the fabric by rolls which pressed against it by yielding pressure, whether produced inside or outside of the feed rolls, by a spring or its equivalent. We thought that Palmer had made an important advance in the art and was entitled to hold it against one who accomplished the identical result by simply changing the character and location of the yielding pressure. We cannot resist the conclusion that

the defendant is endeavoring to appropriate the Palmer improvement by taking the yielding pressure from the frame and locating it in the tube by placing there spring actuated idler rollers to do the same work. In one case the frame presses the feed rollers against the fabric and in the other the springs press the idler rollers against the fabric and the fabric against the feed rollers. In this way it is advanced precisely as in the patent. It is a mere mechanical change involving no departure from the spirit of the invention.

The order denying motion for an injunction is reversed and the District Court is instructed to proceed in accordance with this opinion.