## UNION STEAM PUMP CO. v. MANTON-GAULIN MFG. CO.

### (District Court, D. Maine. May 17, 1921.)

### No. 807.

1. **Judgment** &#9756;713(2)—**Generally conclusive on matters which could be litigated.**

   As a general rule, a judgment is a bar in a second action, not only to what was pleaded or litigated in the action in which it was rendered, but also to what could have been pleaded or litigated.

2. **Patents** &#9756;327—**Owner, defeated in infringement suit, cannot bring subsequent suits for infringement by same article of another claim.**

   Where a bill by the owner of a patent for infringement by a machine specified only one claim, which it was held was not infringed by that machine, owner cannot thereafter bring a subsequent suit against the maker of that machine or his customers for infringement by the same machine of another claim of the patent, since he cannot be permitted to treat each of the claims as a separate patent.

In Equity. Suit by the Union Steam Pump Company against the Manton-Gaulin Manufacturing Company to restrain defendant from instituting further suits against plaintiff's customers for infringement of a patent. On motion to dismiss the bill. Motion overruled.

Woodman & Whitehouse, of Portland, Me., for plaintiff.

Fish, Richardson & Neave, of Boston, Mass., for defendant.

HALE, District Judge. This case is before me upon defendant's motion to dismiss the bill. The defendant is the owner of the patent to Gaulin, No. 756,953, on a system for intimately mixing milk. In January, 1918, the defendant brought suit against the plaintiff in the United States District Court for the Eastern District of Michigan, alleging infringement of this patent.

The case was tried before the District Court in Detroit, and it is claimed by the Union Steam Pump Company that the final decree there adjudicated and settled the rights between the parties, and concluded the controversy. But, soon after the decision in the Detroit case, the Manton-Gaulin Company instituted a suit against the Wright-Ziegler Company, of Boston, agents of the Union Steam Pump Company, claiming infringement of claim 7 of the same patent by the sale of a machine manufactured by the latter company, the machine in question being identically the structure, or one of the structures, passed up-

---

on in the Detroit case; and thereupon the plaintiff intervened in the Boston suit, as a party defendant, set up the final decree and record in the Detroit case, and contended that the Boston case was res adjudicata. The Boston suit was heard in the District Court. Judge Anderson dismissed the bill, saying:

"It ought not to be the law that a patentee can go into one court and complain of a device which infringes two of his claims, get a decree in one district, and then, a few months later, go against the same defendant and try out the other claims against the device which infringed at the time when the original suit was brought."

The Boston case then went to the Court of Appeals. That court dismissed the bill in the Boston case on the ground that claim 7 was not infringed. It did not pass on the question of res adjudicata. The plaintiff in the suit at bar claims that the defendant's structure in the Boston suit was a structure manufactured by plaintiff in accordance with Exhibit W offered in the Detroit case, and contains the conical valve disposed to coact with the conical seat, as did the structure held to infringe claim 2 in the Detroit case; that this structure was before the court in the Detroit case, and capable of being passed upon there in conjunction with claim 7, or with any other claim of the Gaulin patent; and that the whole action should be held to be res adjudicata. And the plaintiff says that, nevertheless, the Manton-Gaulin Manufacturing Company continues to threaten with infringement prospective purchasers of the machines like that passed upon in the Detroit case and the Boston case, and is causing the plaintiff great damage. And the plaintiff seeks an injunction against the defendant to restrain him from bringing further suits or ever making any further claims under this patent upon questions settled by the Detroit case. And the plaintiff further seeks to recover the entire sum paid in settlement of the Detroit suit, and any damages it has suffered because of the wrongful acts of the defendant, and for its costs.

The question whether the matter was res adjudicata, in the Detroit case, is still unsettled. It is agreed by both parties that, if the question of the infringement of claim 7 was res adjudicata, in the Detroit case, then the bill of complaint in this case may be maintained; if that question was not res adjudicata in the Detroit case, then this bill must be dismissed, because, the matter being unsettled in the Detroit case, the Manton-Gaulin Company is still justified in suing the customers of the Union Steam Pump Company.

The bill in equity in this case is based upon the decision in Kessler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065, where the Supreme Court held that rights between litigants, once established by the final judgment of a court of competent jurisdiction, must be recognized in every way, and that the defeated party in an infringement suit will be restrained by a court of equity from interfering with the business of a successful defendant by bringing suits against its customers based on the same patents.

It is contended by the defendant that the decree in the Detroit case was not res adjudicata of the matters involved in the Boston case, be-

cause claim 2 only—and not claim 7—was passed upon in the Detroit case, and that, in the Boston case, the Manton-Gaulin Company had a different defendant and a different tort under a different claim; and so that a different cause of action was being litigated in the Boston case, and is being litigated here.

[1] In Northern Pacific v. Slaght, 205 U. S. 125, 27 Sup. Ct. 442, 51 L. Ed. 738, the Supreme Court held that the question of the effect of a judgment as to res adjudicata, when pleaded in bar of another action, is its legal identity with the judgment sought in the second action; and as a general rule its extent, as to bar, is not only what is pleaded or litigated, but what could have been pleaded or litigated. Cromwell v. County of Sac, 94 U. S. 351, 358, 24 L. Ed. 195.

[2] In the case at bar an examination of the record in the Detroit case shows that the intent of the court in that case was to pass upon this patent as a unit. A conical valve was before the court in that case, as in the Boston case. Counsel have brought to my attention certain expressions of Judge Tuttle, in the Detroit case, which indicate that he was of the opinion that the rigid opening valve is not an infringement of the Gaulin patent, and that these expressions were clearly warranted by statements of counsel for the Manton-Gaulin Company.

I agree with Judge Anderson that a litigant should not be allowed to treat the nine claims of a patent as nine patents; that, when defeated on some of his claims, he should not be permitted to go against the same defendant and try out the other claims against the device alleged to be infringed at the time the original suit was brought. It was held by the Court of Appeals in the Sixth Circuit, in Scaife & Sons Co. v. Falls City Woolen Mills, 209 Fed. 210, 214, 126 C. C. A. 304, that each claim in a patent should be capable of differentiation, or else it had no right to exist; but each claim, for purposes of this sort, should not be treated as a separate patent. In the case before me I think the patent should be treated as an entirety, and that the matter should be regarded as res adjudicata, the same patent having been involved in the Detroit suit, and many of the same structures exhibited which were afterwards brought into the Boston suit.

The motion to dismiss is overruled, with costs for the plaintiff.