## PALMER et al. v. E. Z. WAIST CO. et al.

(District Court, N. D. New York. February 1, 1922.)

1. **Patents  ⬡328—878,995, for fabric turning machine, held valid and infringed.**

   The Palmer patent, No. 878,995, for a machine for feeding a hollow web of fabric onto a tube, *held* valid and infringed.

2. **Patents  ⬡237—Infringement not avoided by substituting equivalent.**

   Where a "yielding means" constitutes an element of a patent claim, the substituting of a different yielding means for the coil spring in the patent device does not avoid infringement.

3. **Patents  ⬡235—Giving part an additional function does not avoid infringement.**

   That a part in a patented machine is given an additional function in another machine does not avoid infringement.

In Equity. Suit by William B. Palmer and Jesse V. Palmer against the E. Z. Waist Company and the Grand Rapids Textile Machine Company. Decree for complainants.

Herbert Van Kirk, of Greenwich, N. Y. (James L. Norris and Clarence A. Bateman, both of Washington, D. C., of counsel), for plaintiffs.

Chappell & Earl, of Kalamazoo, Mich. (Fred L. Chappell, of Kalamazoo, Mich., John C. Watson, of Albany, N. Y., and Arthur E. Parsons, of Syracuse, N. Y., of counsel), for defendants.

COOPER, District Judge. This suit is for infringement of the Palmer patent, No. 878,995, issued February 11, 1908. This suit was brought originally against the E. Z. Waist Company, a corporation doing business in this state, and subsequently the defendant Grand Rapids Textile Machine Company, the maker of the machine claimed to infringe the Palmer patent, was permitted to intervene, and the answer of the original defendant was permitted to stand as the answer of the Grand Rapids Company.

[1] The purpose of the machine described in the Palmer patent is to feed or run a hollow web of fabric onto a tube or pipe with speed and without injury. The feeding of the fabric onto the tube or pipe is affected by a pair of feed rolls, which run on upright shafts and are simultaneously revolved in an appropriate direction. These feed rolls are made to engage the outer surface of the tube or pipe and to move the fabric thereon by means of a yielding pressure. This pressure in the patent is obtained largely from the spring connecting the shafts. The only claim in suit is Claim 1, which is as follows:

"In an apparatus of the class described, the combination, with the fabric-supporting tube, of a pair of feed rolls adapted to engage the opposite sides of said tube, and yielding means for forcing said feed rolls against said tube."

Only two questions are involved in this suit: First, the validity of the Palmer patent; second, infringement. Counsel for the defendants has ably and persuasively presented and argued the claim that the

Palmer patent is not valid, but has been anticipated by the prior art, relying more particularly upon the Gove patent, No. 769,641.

Inasmuch, however, as the Circuit Court of Appeals has twice held this patent to be valid in two cases, in the earlier of which the Gove patent is particularly referred to, and later the District Court of the Northern District, in a case from which no appeal was taken, has upheld its validity (Palmer v. Jordan, 192 Fed. 42, 112 C. C. A. 454 [November 13, 1911]; Palmer v. Superior Mfg. Co. [C. C. A.] 210 Fed. 452 [December 9, 1913]; Palmer v. John K. Stewart & Sons, Inc. [D. C.] 269 Fed. 148 [February 13, 1920]), this court feels bound by those decisions, inasmuch as, apparently, no new evidence of prior art or anticipation is offered which clearly distinguishes this case from those previously decided.

The main question, therefore, is that of infringement. In considering this question of infringement, we are concerned only with the particular machine manufactured by the defendant Grand Rapids Textile Machine Company for the defendant E. Z. Waist Company, and used by the latter company. The plaintiffs have not contested in this action, and, indeed, they have expressly declined to litigate, the question of the infringement of the later machines now made by the defendant Grand Rapids Textile Machine Company. This decision, therefore, in no way affects the machines now being manufactured by the Grand Rapids Company.

The E. Z. Waist Company machine, which plaintiff claims is an infringement, contains the fabric-supporting tube or pipe, and a yielding means for bringing the feed rolls into engagement with the opposite sides of the tube or pipe and feeding the fabric onto the tube. The feed rolls do not come into direct contact with the exterior of the tube or pipe, but do come into direct contact with the anti-friction idler rolls which are inside of the pipe and project through the same. These anti-friction idler rolls correspond to the idler rolls in the tube of the Stewart machine, which idler rolls the court considered as equivalent to the surface of the pipe. Palmer v. John K. Stewart & Son, Inc. (D. C.) 269 Fed. 149. They are also equivalent to the idler rolls in the tube of the Superior machine, which the Circuit Court of Appeals characterized as a mere mechanical change, involving no departure from the spirit of the Palmer invention. Palmer v. Superior Mfg. Co. (C. C. A.) 210 Fed. 452.

[2] The yielding means for bringing the feed rolls into engagement with the tube, or, in the E. Z. Waist Company machine, with the idler rolls, which are equivalent to the tube, resides in the upright feed roll shafts and the manner of their attachment, and the ratchet lever and links connecting the frame and shafts. To evade infringement because of the "yielding means," counsel for defendants contends that the E. Z. Waist Company machine was used principally for wet cloth, while all the tests in court were made with dry cloth. It is claimed that:

"With the cloth wet the pressure must be very high between the outside rolls and the inner rolls, and so strong that there would be practically no yield to it."

To support this contention the defendants cite Union Steam Pump Co. v. Manton-Gaulin (D. C.) 272 Fed. 773, which held that, where, there was *no yield* in the conical surface of defendants' device, there was no infringement, and at the same time attempt to distinguish that case from Manton-Goulin v. Dairy Mach. Co., 247 Fed. 317, 159 C. C. A. 411, a case in the Second Circuit Court of Appeals, which held the defendants' structure an infringement where there was a *yield*. However, tests were made upon the trial of the case at bar which showed that fabric of various thicknesses, and even hard materials, like rubber or leather of various thicknesses, would easily pass between the feed rolls and the idler rolls without undue pressure. These tests showed clearly that the feed rolls, in contact with the idler rolls as actually used, will yield, and the machine does contain the "yielding means." The machine is enabled to operate by reason of yielding means whenever pressure such as would naturally be brought to bear upon the feed roll shafts in the ordinary and usual operation of the machine is applied. The fact that the yielding means is not obtained by the use of a coiled spring in the same way as in the Palmer patent does not enable the defendants to escape infringement. Union Paper Mfg. Co. v. Murphy, 97 U. S. 120, 24 L. Ed. 935.

[3] The adaptability of the idler rollers of the E. Z. Waist Company machine to perform additional work beside that described in the Palmer patent does not enable the defendant to evade infringement. Electric Smelting Co. v. Pittsburgh Reduction Co., 125 Fed. 933, 60 C. C. A. 636; International Co. v. Recording Co., 159 Fed. 464, 469, 86 C. C. A. 494. The conclusion follows, therefore, that the defendant E. Z. Waist Company's machine infringes the plaintiff's patent.

But the defendant raises an additional defense in this case, the essence of which is that the plaintiff is estopped from asserting that the E. Z. Waist Company machine is an infringement by reason of a letter which one of the plaintiffs wrote concerning a similar machine on May 22, 1912. This letter is as follows:

"Greenwich, N. Y., May 22, 1912.

"Grand Rapids Textile Machinery Co., Grand Rapids, Mich.—Gentlemen: Yesterday the writer examined your new turning machine in the mill of the Utica Knitting Company, at Utica, N. Y. The slip joint, with rolls in the end of same for the cloth to pull over when being turned, is old in the art. The new feature of your device is the loading of the cloth onto the pipe in an inverted condition, and the inner surfaces of the rolls in the pipe acting upon the fabric to assist in pulling of the cloth through the pipe. We believe that we can furnish you our machines complete, with feed rolls, and a slip with iron idler rolls in same that coact only with the feed rolls, that will give you perfect satisfaction. The writer would like to have a talk with Mr. Shields on several points regarding the matter, and would like to have him call to see us in the near future, when he is in our vicinity. The folding machine has not as yet been received by the Jesse V. Palmer Company, and they would like you to start tracer at once. We are,

"Yours truly,                    Palmer Bros., per J. V. Palmer."

Defendants assert that in this letter plaintiffs concede that the Utica machine, made by the Grand Rapids Company, and which is like the plaintiff's own machine, was old in the art. It is stretching the imagination almost to the breaking point to assume, as defendants in sub-

stance contend, that, shortly after the Circuit Court of Appeals had in 1911 declared the Palmer patent valid and infringed by the Jordan machine, the patentee would write to a competing firm and assure them in substance that the court erred in its judgment in upholding his patent; that in fact his machine was something which was old in the art, and therefore not patentable. It is clear that the part of the Utica machine referred to in the letter as old in the art was the "rolls" in the "end" of the "slip joint," and not the feed rolls, or any other essential feature of Palmer's patent.

Defendant further contends that the effect of Palmer's letter of May 22, 1912, was to admit that the Utica machine made by the Grand Rapids Company was old in the art, and not an infringement of his patent, and that, since the E. Z. Waist Company machine is just like the Utica machine, the plaintiff is estopped from now claiming that the E. Z. Waist Company machine is an infringement. Unfortunately the letter does not fairly bear this construction, as has been shown. The premise failing, the conclusion must fail.

The plaintiffs may have a decree.