### SCHEY v. GIOVANNA.

(Circuit Court of Appeals, Second Circuit. February 28, 1923.)

No. 177.

Patents ☞328—902,724, for an apparatus for broiling meats held infringed.

Changes in mechanism of infringing device *held* not to avoid infringement of the Schey patent, No. 902,724, for an apparatus for broiling meats.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Max Schey against George Giovanna, Jr. Decree for complainant, and defendant appeals. Affirmed.

This is an action upon the same patent (No. 902,724) considered by us in 273 Fed. 515. The present defendant is the nephew of the Giovanna named in the case quoted; he is also the "relative" referred to in our previous opinion on page 516. This action against Giovanna, Jr., was duly tried, and resulted in a decree sustaining the patent, finding infringement and granting the usual reference, which decree is dated September 1, 1920, and from which no appeal was ever taken.

Not only has there been a report from the master appointed to take the usual accounting, but also reports in proceedings for contempt against defendant upon allegations that he was continuing to manufacture and sell rotisseries embodying a colorable evasion of the patented device. This appeal is from the final decree confirming the report and (apparently) all subsequent orders assessing or directing damages to be assessed against him in contempt.

Henry J. Lucke, of New York City, for appellant.
O. Ellery Edwards, of New York City, for appellee.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

PER CURIAM. We do not pause to inquire nicely into the practice pursued in respect of these appeals. Objection might be made that at least one of the orders sought to be considered is not appealable; but, it being plain that one question underlying all proceedings after interlocutory decree has been fully presented to us, we shall proceed to the merits of the matter. Appellant's proposition is in substance (see 273 Fed. at page 516) that, if he detaches a spit by taking it out of the sprocket wheel by which it is rotated, he has avoided the patent.

Interpretation of this patent must be that given by this court in the case cited. We there pointed out that the inventive thought of the patentee was to produce ready and independent detachability of one spit without disturbing the continued rotation of the other. That desirable end was reached by the driving means revealed by the specifications. This defendant has continued to employ the same driving means condemned in the previous suit. We agree with the various judges who have heard the matter below that infringement is not avoided by taking the spit out of its sprocket and leaving that sprocket to helplessly revolve while actuated by an infringing driving mechanism.

The various orders appealed from are affirmed, with one bill of costs.