**PALMER et al. v. E. Z. WAIST CO. et al.**

(Circuit Court of Appeals, Second Circuit. March 5, 1923.)

No. 180.

Patents ⊛328—878,995, claim 1, for apparatus for inverting tubular fabrics, held valid and infringed.

Palmer patent, No. 878,995, claim 1, for improvements in apparatus for inverting tubular fabrics, held valid and infringed.

Appeal from the District Court of the United States for the Northern District of New York.

Suit by William B. Palmer and another against the E. Z. Waist Company and another. Decree for plaintiffs (278 Fed. 530), and defendants appeal. Affirmed.

Fred L. Chappell and Chappell & Earl, all of Kalamazoo, Mich., for appellants.

Clarence A. Bateman, of Washington, D. C., Walter D. Edmonds, of New York City, and James L. Norris, of Washington, D. C., for appellees.

Before HOUGH, MANTON and MAYER, Circuit Judges.

PER CURIAM. This is the usual suit upon claim 1 of Palmer patent, No. 878,995, dated February 11, 1908, for improvements in ap-

paratus for inverting tubular fabrics. The patent has been adjudicated in this court in Palmer v. Jordan Machine Co., 192 Fed. 42, 112 C. C. A. 454, again in Palmer v. Superior Co., 210 Fed. 452, 127 C. C. A. 284, and has recently been fully considered, not only in this case by the court below, but in Palmer v. Stewart (D. C.) 269 Fed. 148, by L. Hand, J.

Having examined this printed record after full argument, we fail to discover any matter now brought to our attention which has not received consideration and decision in the previous causes above referred to. We especially point out that the treatment of the Gove patent, 769,648, by Coxe, J., in 192 Fed. 44, 112 C. C. A. 454, leaves in our judgment nothing further to be said now. The matter may be thus summed up:

What is the scope or range of equivalents to be given to the claim in suit, when it speaks of "yielding means for forcing" certain feed rolls against a tube?

The yielding means disclosed by the specification consist of a spring. The present defendant has no spring, but relies for the yielding quality necessary for successful operation in and on the inherent resiliency of the arms or shafts holding the feed roll. It was explicitly held in the case in 269 Fed. that, in view of the commanding position of this patent, it was entitled to a range of equivalent sufficient to embrace a device without a spring. We agree that that ruling is directly supported by our decision in Manton, etc., Co. v. Dairy, etc., Co., 247 Fed. 317, 159 C. C. A. 411.

We discover no other point requiring mention, and it is ordered that the decree appealed from be affirmed, with costs.