### SCHEY v. TURI et al.

(Circuit Court of Appeals, Second Circuit. November 5, 1923.)

No. 160.

1. **Patents ⊙⟶328—Schey patent, No. 902,724, for apparatus for broiling meats, held infringed.**

   The Schey patent, No. 902,724, for apparatus for broiling meats, *held* infringed by a structure which differed only in the substitution of mechanical equivalents.

2. **Patents ⊙⟶289—Delay in bringing suit pending adjudication in similar suit not laches.**

   Delay in bringing suit for infringement while awaiting decision in a prior suit involving similar issues *held* not laches.

3. **Patents ⊙⟶324(6)—Order refusing preliminary injunction will be reversed, where proper case is presented.**

   While refusal of a preliminary injunction ordinarily is not disturbed, it will be reversed, and injunction directed, where a suitable case is presented.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Max Schey against Ottavio Turi and Lodovico Cavaletto, doing business as O. Turi & Cavaletto, and another. From an order denying a preliminary injunction, plaintiff appeals. Reversed.

O. Ellery Edwards, of New York City, for appellant.

Edward M. Evarts, of New York City, for appellees.

Before ROGERS, HOUGH and MANTON, Circuit Judges.

MANTON, Circuit Judge. This is a suit for infringement of letters patent No. 902,724. It is for an apparatus for broiling meats. Claims 1, 2, 3, and 4 are said to be infringed. The validity of this patent has heretofore been upheld by this court in Schey v. Giovanna (C. C. A.) 273 Fed. 515; 288 Fed. 849. The application below was for a preliminary injunction. In defense, it was urged that the alleged infringing device is identical in construction and operation with the so-called W. F. Mangel's Coney Island rotisseries of the alleged prior art, and that appellee's device does not infringe.

[1] We think the appellees' structure does infringe. In the Giovanna structure, there is at the top a main shaft, with a series of gears driving parallel shafts with hubs. In appellees' structure, there is a series of pulleys or sprocket wheels, with chain belts running to the respective shafts, which are driven by a chain and sprocket drive.

Nothing in the prior art shows the appellees' construction. What the appellee uses as a driving means is a mechanical equivalent of the Giovanna structure, which was held to infringe in Schey v. Giovanna (C. C. A.) 273 Fed. 515. The inventive thought of the patent in suit was to produce ready and independent detachability of one spit without disturbing the continued rotation of the others. The device of the patent is a roasting device of a plurality of spits, each provided with a sprocket wheel capable of meshing with some form of endless driving device, to the end that all the spits may be simultaneously driven by one actuating power. The utility and novelty of the machine is its ready and independent detachability of one spit without disturbing the continued rotation of the others. The appellees' device endeavors to appropriate the appellant's invention by using a mechanical equivalent as a driving means, and has a ready and independent detachability of one spit without disturbing the continued rotation of the others.

[2] The bill of complaint and the moving papers present a proper case for granting a preliminary injunction, unless the appellant be guilty of laches, as claimed. It appears that, before this suit was instituted, the appellant had considerable litigation concerning the patent in suit with one Giovanna, which finally terminated in March, 1923, and it is explained that the present suit was not instituted at an earlier date because of a desire to await the determination of the Giovanna suit. The issue in the Giovanna litigation was whether a spit driven from the hub was the mechanical equivalent of a spit driven from the periphery of a driving member. In the present suit, substantially the same issue is presented, and we regard that as having been settled against the contentions of the appellees. A delay in instituting suit, under such circumstances, does not constitute laches. United States Mitis Co. v. Detroit Steel & Spring Co., 122 Fed. 864, 59 C. C. A. 589.

[3] While the refusal of a preliminary injunction ordinarily is not disturbed, still, where a suitable case is presented, this court has not hesitated to reverse, and direct that such relief be granted. Palmer v. Superior, 210 Fed. 452, 127 C. C. A. 284.

The order is reversed, with direction to the District Court to grant the injunction.

HOUGH, Circuit Judge, heard the argument and concurred in the conclusion reached, but has not seen the opinion as prepared, because of necessary absence.