## BOWLES v. TOWN HALL GRILL, Inc.
### No. 4011.

Circuit Court of Appeals, First Circuit.
Nov. 9, 1944.

Thomas I. Emerson, Deputy Administrator for Enforcement, David London, Chief, Appellate Branch, Nathan Siegel, Attorney, Office of Price Administration, Charles I. Rembar, and Fleming James, Jr., Director, Litigation Division, all of Washington, D. C., and Cornelius Moynihan, Regional Enforcement Atty., and William B. Sleigh, Jr., Regional Litigation Atty., of both of Boston, Mass., for appellant.

Joseph E. Kerigan, of Springfield, Mass., for appellee.

Before MAHONEY and WOODBURY, Circuit Judges, and PETERS, District Judge.

WOODBURY, Circuit Judge.

This is an appeal by the Price Administrator under § 128 of the Judicial Code, 28 U.S.C.A. § 225, from a final judgment of the District Court of the United States for the District of Massachusetts enjoining the defendant, a Massachusetts corporation owning and operating a restaurant, from selling or offering to sell food items in which lobster or poultry, or both, are the chief ingredients, and beverages in which gin is the chief ingredient, at prices in excess of those established by Restaurant Maximum Price Regulation No. 1-4 issued pursuant to § 2(a) of the Emergency Price Control Act of 1942, 56 Stat. 23, 50 U.S.C.A. Appendix, § 901 et seq., but failing to enjoin the defendant from selling or offering to sell food items in general, including beverages, at prices in excess of those established by the above Regulation.

The Price Administrator's complaint under § 205(a) of the Act alleged violations of the Regulation by the defendant with respect only to food items containing lobster and poultry and beverage items containing gin, but he nevertheless asked for both a preliminary and a final injunction restraining the defendant from selling or offering to sell any food or beverage items at prices in excess of those established. At a hearing in the court below on an order to show cause why the prayer for a preliminary injunction should not be granted, the defendant, appearing by counsel, admitted its violations with respect to the specific items alleged but contended in argument that its violations were justified for the reason that the chief ingredients of those items had increased in price since the Regulation was promulgated. After this hearing the District Court concluded that the defendant had violated § 4(a) of the Emergency Price Control Act of 1942; that the increase of the cost of ingredients did not justify or excuse the defendant's violations, its remedy in such case, if any, being resort to the administrative procedures provided by the Regulation and the Act, but that "The injunction sought by the plaintiff is too broad in that it seeks to enjoin the defendant from selling or offering to sell *any* food items including beverages at prices in excess of those established by the Regulation. In my opinion, such an injunction should be limited to the class of food items as to which violations have been shown." Accordingly it issued a preliminary and final injunction covering only food items in which lobster or poultry or both are the chief ingredients, and beverage items in which gin is the chief ingredient, and the Price Administrator took this appeal to us.

The Administrator concedes that under the doctrine announced by the Supreme Court in Hecht Company v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 591, there may be some room for the exercise of discretion on the part of District Courts in granting or withholding injunctive relief in suits brought by him under § 205(a) of the Act, but he contends that as a matter of law if an injunction is granted at all it must be broad enough to include every item covered by the Regulation which has been violated.

He says first that the court below did not exercise its discretion in the case at bar but ruled as matter of law that it could not issue the broad injunction requested. Then he says that this constitutes error because the Act, properly construed, imposes an absolute obligation upon district courts to grant the sweeping injunction for which he asks whenever a violation has been found. And finally he says that if this last proposition is unsound and the breadth of injunctive relief in suits of this sort is discretionary, it is evident from the record that the court below flagrantly abused its discretion. We do not agree to any of these propositions.

It seems to us too evident to warrant discussion that when the District Court said that in its "opinion" the injunction granted "should be" a limited one it was exercising its discretion. We fail to see how the words quoted could have any other import. So the question arises whether that court erred in making a discretionary ruling instead of ruling under legal compulsion. We do not think that it did, but in view of some of the arguments advanced on behalf of the Administrator which we shall consider hereafter, it will be of assistance to state the question actually before us on this appeal with particularity before considering it.

We are not here called upon to decide whether proof of violations with respect to some food items covered by the Regulation could under any circumstances support an injunction as broad as the one requested. Nevertheless as a guide for the decision of

future petitions of this sort we think it advisable to indicate that in our view, if the court below had seen fit to grant the broad injunction asked for, we would affirm on the authority of National Labor Relations Board v. Express Publishing Co., 312 U. S. 426, 436, 61 S.Ct. 693, 699, 85 L.Ed. 930, in which the Supreme Court said: "It is a salutary principle that when one has been found to have committed acts in violation of a law he may be restrained from committing other related unlawful acts" and (312 U.S. page 435, 61 S.Ct. page 699,) "A federal court has broad power to restrain acts which are of the same type or class as unlawful acts which the court has found to have been committed or whose commission in the future unless enjoined, may fairly be anticipated from the defendant's conduct in the past." See Bowles v. May Hardwood Co., 6 Cir., 140 F.2d 914; Bowles v. Montgomery Ward & Co., 7 Cir., 143 F. 2d 38.

Our question here is the converse of the one just discussed. It is whether on proof of violations with respect to some items covered by a regulation an injunction with respect to all items included therein must be granted as a matter of law, and this question appears to be one of first impression in the Circuit Courts of Appeal. Its answer, however, is clearly indicated by the language used by the Supreme Court in its opinion in the recent case of Hecht Co. v. Bowles, 321 U.S. 321, 329, 64 S.Ct. 587.

In that case the Supreme Court, in holding that in case a violation of the Act is shown, injunctive relief under § 205(a) is not always mandatory but, under appropriate circumstances, discretionary with the District Court, said: "We do not stop to compare the provisions of § 205(a) with the requirements of other federal statutes governing administrative agencies which, it is said, make it mandatory that those agencies take action when certain facts are shown to exist. We are dealing here with the requirements of equity practice with a background of several hundred years of history. Only the other day we stated that 'An appeal to the equity jurisdiction conferred on federal district courts is an appeal to the sound discretion which guides the determinations of courts of equity.' Meredith v. Winter Haven, 320 U.S. 228, 235, 64 S.Ct. 7, 11. The historic injunction process was designed to deter, not to punish. The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it. The qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs as well as between competing private claims. We do not believe that such a major departure from that long tradition as is here proposed should be lightly implied. We do not think the history or language of § 205(a) compel it. It should be noted, moreover, that § 205(a) governs the procedure in both federal and state courts. For § 205(c) gives the state courts concurrent jurisdiction with federal district courts of civil enforcement proceedings. It is therefore even more compelling to conclude that, if Congress desired to make such an abrupt departure from traditional equity practice as is suggested, it would have made its desire plain. Hence we resolve the ambiguities of § 205 (a) in favor of that interpretation which affords a full opportunity for equity courts to treat enforcement proceedings under this emergency legislation in accordance with their traditional practices, as conditioned by the necessities of the public interest which Congress has sought to protect. United States v. Morgan, 307 U.S. 183, 194, 59 S. Ct. 795, 801, 83 L.Ed. 1211, and cases cited."

█ Now it seems to us clear that if under § 205(a) a District Court has power in its discretion to deny injunctive relief altogether under some circumstances, and has power to mould its decrees to fit the necessities of particular situations as they arise, and if equity is distinguished by flexibility rather than rigidity so that it may function as the instrument for nice adjustment and reconciliation between competing public interests and private needs, a District Court sitting in equity must have power, if it decides to enjoin, to grant only a limited injunction when circumstances warrant such action. To hold otherwise would be to fly in the face of traditional equity practices which the Supreme Court has said Congress did not intend to alter when it enacted the Emergency Price Control Act of 1942. So the question arises whether on the record before us we must conclude that the court below abused its discretion in giving the plaintiff only limited relief instead of the sweeping injunction for which he asked.

█ All that the record in this case shows is that the defendant offered certain

specified food and beverage items at prices in excess of those established by the Regulation, and that in argument before the court below it did not deny that it had done so but contended that its conduct was excused or justified because of a rise in the cost of the chief ingredients of those items. This, the court below correctly ruled shows a violation of the Act, but in our opinion it falls short of showing that the court below fell into legal error in limiting its injunction "to the class of food items as to which violations have been shown." That is to say, we find nothing in the meager record before us to indicate that it was unreasonable for the court below to have concluded that its limited injunction would prove fully adequate to deter this defendant from further violations, and since the "injunctive process was designed to deter, not to punish" (Hecht Co. v. Bowles, supra) it follows that the judgment of the District Court must be affirmed.

The Administrator argues, however, that the court below in doing what it did administered § 205(a) grudgingly, contrary to the admonition of the Supreme Court in the Hecht case, supra, 321 U.S. pages 330, 331, 64 S.Ct. page 592,[1] and that as a result he will be seriously hampered in carrying out the difficult and vitally important duties imposed upon him by Congress because he will have to bring separate petitions for successive violations. He says that the injunction here "would operate as an open invitation to the defendant to resume its unlawful conduct as to other items on its menu, free from the fear of any punishment and secure in the thought that the Administrator's only reme-

dy would be to obtain still another injunction which likewise would be limited to the specific items for which excessive prices were then being charged." The hypothetical hardship suggested would be real enough if we were to hold in conflict with the May Hardwood Co. and Montgomery Ward & Co. cases, supra, that the District Court could not issue a broad injunction under circumstances comparable to those here disclosed, but it largely disappears when it is recognized that all we are here deciding is that the scope of injunctive relief in cases of this sort is discretionary, and that on the record before us there appears no abuse of discretion in giving only limited relief. We think it safe to assume that the court below, if the defendant should again be brought before it and other similar violations shown, would not again be lenient, but on the contrary, feeling that advantage had been taken of its indulgence, would enjoin the defendant in broad terms. This consideration, it seems to us, has a very substantial deterrent effect and in reason could well have been considered sufficient to make this defendant comply in the future without the necessity of compelling it to conduct its business from now on under the threat of summary proceedings for contempt.

This is not to imply that District Courts may freely disregard the words of the Supreme Court quoted in the footnote above. Those words are to be heeded as expressing the basic point of view with which courts must approach petitions for injunctions under § 205(a) of the Act. What we hold, and all that we hold, is that on this scant

---

[1] "We do not mean to imply that courts should administer § 205 (a) grudgingly. We repeat what we stated in United States v. Morgan, supra, 307 U.S. page 191, 59 S.Ct. [795], 83 L.Ed. 1211, respecting judicial review of administrative action: ' * * * court and agency are not to be regarded as wholly independent and unrelated instrumentalities of justice, each acting in the performance of its prescribed statutory duty without regard to the appropriate function of the other in securing the plainly indicated objects of the statute. Court and agency are the means adopted to attain the prescribed end, and so far as their duties are defined by the words of the statute, those words should be construed so as to attain that end through co-ordinated action. Neither body should repeat in this day the mistake made by the courts of law when equity was struggling for recognition as an ameliorating

system of justice; neither can rightly be regarded by the other as an alien intruder, to be tolerated if must be, but never to be encouraged or aided by the other in the attainment of the common aim.' The Administrator does not carry the sole burden of the war against inflation. The courts also have been entrusted with a share of that responsibility. And their discretion under § 205 (a) must be exercised in light of the large objectives of the Act. For the standards of the public interest not the requirements of private litigation measure the propriety and need for injunctive relief in these cases. That discretion should reflect an acute awareness of the Congressional admonition that 'of all the consequences of war, except human slaughter, inflation is the most destructive' (S. Rep. No. 931, supra, p. 2) and that delay or indifference may be fatal."

record we cannot say that it clearly appears that the court below failed to take them to heart in giving only limited injunctive relief.

The judgment of the District Court is affirmed.