**BOWLES, Administrator, OPA, v. SACHER et al.**

**SAME v. SONNENSCHEIN et al.**

Nos. 104, 105.

Circuit Court of Appeals, Second Circuit.

Dec. 8, 1944.

David London, Chief Appellate Branch, Thomas I. Emerson, Deputy Administrator for Enforcement, Fleming James, Jr., Director, Litigation Division, Karl Lachmann, Atty., Office of Price Administration, all of Washington, D. C. (Werner Ilsen, Regional Enforcement Executive, and Paul Ross, Regional Litigation Atty., O.P.A., New York City, on the brief), for appellant.

Leo Wechsler and George J. Beldock, both of New York City (Mordecai M. Richter, of New York City, on the brief), for appellee Sacher Fur Co.

Edward Fillmore, of New York City (Joseph H. Kutner, of New York City, on the brief), for appellee Louis Sonnenschein & Janowsky.

Before SWAN, CLARK, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

These two appeals were heard together and may be dealt with in a single opinion. In each case the action was brought under section 205(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(a), to enjoin alleged violations of regulations promulgated under section 2 of the Act. In the Sacher suit the defendant partnership was a wholesale dealer in furs, skins and peltries, and was subject after May 11, 1942, to the General Maximum Price Regulation (7 F.R. 3153); in the Sonnenschein suit the defendant partnership was a manufacturer of women's fur garments and was subject after July 10, 1942, to Maximum Price Regulation No. 178 (7 F.R. 5277). The suits were commenced on March 21, 1943. In each the complaint alleged that the defendant partners had failed to prepare and keep the records required by the applicable regulation, and prayed for interlocutory and permanent injunctions to restrain them (a) from selling their commodities unless and until they should prepare and keep the records required by the applicable regulation, and (b) from "doing or omitting to do any other act in violation of said regulation as heretofore or hereafter amended." Upon motion for an interlocutory injunction, the court granted the relief sought by the above described clause (a) but denied the

relief sought by clause (b). From the denial of a temporary injunction under (b) the Administrator has appealed.

█ █ It is axiomatic that between private litigants the grant or refusal of a temporary injunction lies within the discretion of the trial court and its decision will not ordinarily be reversed unless a clear abuse of discretion appears. Under section 205 of the Emergency Price Control Act of 1942, it is also true that the grant of an injunction upon application of the Administrator is not mandatory but is in the court's discretion, although "the standards of the public interest, not the requirements of private litigation, measure the propriety and need for injunctive relief in these cases." Hecht Co. v. Bowles, 321 U.S. 321, 331, 64 S.Ct. 587, 592.

█ The appellant contends that because the appellees had violated the record-keeping requirements of the regulations and because the court found that failure to keep the required records creates "danger of non-compliance with the provisions prescribing legal maximum prices", violation of the price limitations is "a practical certainty." But the District Judge drew no such inference; nor do we. The finding that lack of records produces danger of violation of the ceiling prices furnishes support for the injunction restraining the appellees from making sales "unless and until" they prepare and keep the required records, and for the mandatory order directing them forthwith to do so; but it does not compel an inference that they will sell above the legal maximum prices after they have established the required records. Indeed, the natural inference is just the reverse, since price violations, if committed, can be more easily detected once the records are established. Moreover, the plaintiff's affidavits contain no charge that the appellees have ever committed any violation of the regulations other than the failure to keep records. It is to be remembered also that the application was for a preliminary injunction. No trial had yet been had, and, as noted in the District Judge's opinion, "We know nothing of defendants' motives, wilfulness or negligence." [53 F.Supp. 77, 78.] In the exercise of his discretion he concluded that the violation of the record-keeping provisions did not warrant an injunction against violating maximum price violations. In this we see no abuse of discretion and on this ground affirm the judgment. See Bowles

v. Town Hall Grill, 1 Cir., 145 F.2d 680. This is not to say that an injunction should never be issued broader in scope than the violations actually proved; decision of that question may properly await a case which presents it. We may also say that we have been unable to discover that section 107(b) of the Stabilization Extension Act of 1944, Public Law 383, 78th Cong. 2d Session, 50 U.S.C.A.Appendix, § 924(c), to which both parties have referred in support of their respective positions, has any material bearing on the matter in dispute.

Judgments affirmed.

CLARK, Circuit Judge (dissenting).

If the broader form of injunction prayed for is not to be granted in this case, I can conceive of no case where it is likely to be allowed. As the District Court well puts it, defendants "have violated those sections of the Regulation which go to the heart of the price control system, since ceiling prices are governed by the records." 53 F. Supp. 77, at page 78. And this they did over a long period, even though the president of their own trade association gave early warning to the membership of the necessity that proper records be kept for ceiling prices on all articles. Surely repeated sales in excess of ceiling prices would justify a broad injunction, if ever; yet here defendants have taken the one effective means of rendering all showing of such violations, no matter how often repeated, completely impossible.

In Hecht Co. v. Bowles, 321 U.S. 321, 331, 64 S.Ct. 587, 592, relied on as upholding "discretion" in the trial court, the Court is careful to point out not only that "the standards of the public interest, not the requirements of private litigation, measure the propriety and need for injunctive relief in these cases," but also that "that discretion should reflect an acute awareness of the Congressional admonition that 'of all the consequences of war, except human slaughter, inflation is the most destructive' (S.Rep.No. 931, supra [77th Cong., 2d Sess.], p. 2) and that delay or indifference may be fatal." And most significant is the final action taken by the Court. The District Court had there exercised its discretion on a finding that the defendant, operating a large Washington department store, had acted in complete good faith, without intent to violate the regulations, and had at once corrected its mistakes and taken vigorous steps to prevent recurrence; and

it therefore determined that an injunction would have "no effect by way of insuring better compliance in the future" and would be "unjust" to the owner, and not "in the public interest." Brown v. Hecht Co., 49 F.Supp. 528, quoted at page 326 of 321 U.S., page 590 of 64 S.Ct. And the Court of Appeals had reversed, holding the injunction mandatory. Brown v. Hecht Co., App.D.C., 137 F.2d 689. But the Supreme Court, though disagreeing with this view of the Court of Appeals, nevertheless refused to affirm the decision of the District Court, as Mr. Justice Roberts thought required, but remanded the case to the Court of Appeals for determination of the question whether or not the District Court had abused its discretion. If that issue was still open in a case where "there is no doubt, however, of petitioner's good faith and diligence," Hecht Co. v. Bowles, 321 U.S. 321, at page 325, 64 S.Ct. 587, at page 589, it would seem open, a fortiori, here. See also Bowles v. Nu Way Laundry Co., 10 Cir., 144 F.2d 741, reversing the denial of injunction in Brown v. Nuway Laundry Co., D.C.W.D.Okl., 52 F.Supp. 498, the similar case of Bowles v. May Hardwood Co., 6 Cir., 140 F.2d 914, and the much more drastic injunction supported in Bowles v. Montgomery Ward & Co., 7 Cir., 143 F.2d 38.[1] We have often reviewed the exercise of discretion, as indeed we did in favor of the respondent in Henderson v. Burd, 2 Cir., 133 F.2d 515, 146 A.L.R. 714. See also Coty, Inc., v. Leo Blume, Inc., 2 Cir., 24 F.2d 924; Schey v. Turi, 2 Cir., 294 F. 679; Palmer v. Superior Mfg. Co., 2 Cir., 210 F. 452.

It therefore seems to me that we have not only full authority, but a duty as well, to review the exercise of discretion here. In any event, I feel that the District Court was in error in several important matters, all inimical to the control of this "most destructive" of all consequences of war, which the Administrator must attempt to exercise with a limited personnel. The most important is in his construction of the Emergency Price Control Act, § 205(a), 50 U.S.C.A.Appendix § 925(a), wherein he sees no "intention spelled out or discoverable by implication" to authorize broad injunctions. That section is, however, most broad in terms in its several references to "any person" and to "any acts or practices which constitute or will constitute" a viola-

tion of the Act or the regulations under § 4, 50 U.S.C.A.Appendix § 904. Most significantly it provides for application for injunction "whenever in the judgment of the Administrator" any person has engaged in such acts, a judgment of the official having the primary duty in the premises, which is here set at nought. And this construction seems made quite clear by the later Stabilization Extension Act of 1944, § 107, 50 U.S.C.A.Appendix § 924. The District Court's conclusion—as to which my brothers merely reserve decision—is contrary to the May Hardwood, Montgomery Ward, and Town Hall Grill cases.

Other clear errors in the District Court's decision occur as to the meaning and effect of National Labor Relations Board v. Express Pub. Co., 312 U.S. 426, 432, 61 S.Ct. 693, 85 L.Ed. 930, as uniformly construed and applied by us, cf. National Labor Relations Board v. Standard Oil Co., 2 Cir., 138 F.2d 885, as to the scope of 28 U.S.C.A. § 383 and Federal Rule 65(d), 28 U.S.C.A. following section 723c, as restricting the substance, not the form, of injunctions, cf. Allen Bradley Co. v. Local Union No. 3, 2 Cir., 145 F.2d 215, and as to the extent of our decision in Henderson v. Burd, supra, where good faith on the part of the respondent was clear. See Note, 54 Yale L.J. 141. Further, the objection that by reason of the number of cases now pending the plaintiff is asking to have the industry policed by contempt proceedings does not appear sound. The courts who "also have been entrusted with a share of that responsibility" of the war against inflation, Hecht Co. v. Bowles, 321 U.S. 321, at page 331, 64 S.Ct. 587, at page 592, are already and for better or worse engaged in that job; they should not spurn the judgment of the enforcement officials as to the best and most effective way of carrying it out. As the Seventh Circuit Court well said in the Montgomery Ward case, supra, 143 F.2d 38, at page 43, "Any easy attitude of the courts which even remotely suggests that the Act may be violated with impunity strikes at the entire enforcement problem."

I think the judgments should be modified, for the award of the injunctions prayed for; or in the alternative, the cases should be remanded to the District Court for consideration in the light of these vitally important governing principles.

---

[1] Bowles v. Town Hall Grill, Inc., 1 Cir., 145 F.2d 680, upheld a limited injunction for limited violations of a regulation, but sustained the power to award a broad injunction and suggested that it should issue if further violations occurred.