## BOWLES v. LUSTER et al.

### No. 3574.

District Court, S. D. California, Central Division.

Dec. 14, 1944.

On Motion for Rehearing Feb. 2, 1945.

Harry F. Moll, of Los Angeles, Cal., for plaintiff.

Samuel A. Miller, of Los Angeles, Cal., for defendants.

J. F. T. O'CONNOR, District Judge.

This cause came on regularly for trial on October 19, 1944, and the Court having heard the evidence and the matter having been submitted for decision by the Court, the Court finds the facts and states the conclusions of law as follows:

### Findings of Fact

1. That defendants, M. R. Luster and A. M. Luster, individually and as copartners, doing business as Sunbeam Furniture Sales Company, have violated Section 4(a) of the

Emergency Price Control Act of 1942, Pub. L. 421, 77th Cong., 2d Sess., 56 Stat. 23, as amended, Sec. 101 of Stabilization Extension Act of 1944, Public Law 383, 78th Cong., 2d Sess., 50 U.S.C.A. Appendix, §§ 901 et seq., 904(a), hereinafter called the "Act", in that defendants have engaged in acts and practices which constitute violations of the General Maximum Price Regulation, as amended, issued and promulgated by the Administrator of the Office of Price Administration in accordance with the provisions of said Act, and which became effective for wholesale sales on May 11, 1942.

2. Jurisdiction of this action is conferred upon the Court by Section 205(c) of the Act.

3. During the period commencing on or about October 1, 1942, up to and including the date of the trial of this action on October 19, 1944, defendants M. R. Luster and A. M. Luster have been engaged in the business of selling at wholesale household furniture and miscellaneous commodities, including tables, lamps, hampers, bookcases, chairs, bedroom sets, dinnerware sets, bridge sets and divers other commodities and furniture at their place of business, located at 1337 S. Flower St., Los Angeles, California.

4. That under the provisions of Section 1499.12 of said General Maximum Price Regulation, which became effective May 11, 1942, and thereafter remained in effect and still is in effect, defendants were required to keep and make available for examination by the Office of Price Administration records showing as precisely as possible the basis upon which they determined maximum prices for those commodities sold after the effective date of said General Maximum Price Regulation and for which, upon sale by them, maximum prices are established by said General Maximum Price Regulation.

5. That under the provisions of Section 1499.2 of said General Maximum Price Regulation, defendants were required to price the commodities hereinabove referred to in accordance with the provisions of Section 1499.2 of the General Maximum Price Regulation, and were required to determine and report to the District Office of the Office of Price Administration, in accordance with Section 1499.3(a) of the Regulation, the maximum prices of any commodities which could not be priced by defendants under said Section 1499.2 of the Regulations, and in the case of commodities which could not be priced by defendants under said Section 1499.3(a), to file applications with the District Office of the Office of Price Administration and obtain approval of maximum prices in accordance with Section 1499.3(c) of the Regulation.

6. That subsequent to the effective date of said General Maximum Price Regulation, defendants sold as wholesalers or jobbers furniture and other commodities, the maximum prices of which were established by the General Maximum Price Regulation.

7. That since October 1, 1942 defendants have knowingly failed and neglected to keep and make available for examination by the Office of Price Administration current records showing as precisely as possible the basis upon which they determined their maximum prices for said household furniture and miscellaneous commodities which they sold as wholesalers subsequent to May 11, 1942.

8. The Court finds that the defendants were not in business in Los Angeles, California, during March, 1942. The Court further finds that there were competitors of the same class as defendants in the city of Los Angeles, State of California, selling the same or similar commodities as the defendants, since March 1942. That since October 1, 1942, defendants have failed and neglected to price said commodities in accordance with the provisions of Section 2(b) of the General Maximum Price Regulation, to-wit: defendants failed to determine their maximum prices from the highest prices charged during March, 1942 by the most closely competitive seller of the same class; that the Price Administrator issued and there was published in the Federal Register the General Maximum Price Regulation effective May 11, 1942 (7 F.R. 3153), referred to as the "Regulation", which Regulation as amended has been at all times since the date of its issuance in full force and effect.

9. That under date of November 22, 1943, the plaintiff by letter called the attention of the defendants to complaints against them, and requested that they come to the Office of Price Administration in order to determine the method by which they were pricing their merchandise. That Mr. A. M. Luster telephoned from Chicago, Illinois, that he would appear within a period of two weeks to discuss the matter. That Mr. M. R. Luster and one of the defendants had charge of the business in Los Angeles. That some time after March 1944, after plaintiff had conducted an investigation, the defendant

A. M. Luster called plaintiff and was advised that the matter had been referred to Enforcement for proper enforcement action. The Court further finds that the defendants were given an unusual opportunity from the time they were first advised of the complaints to make a voluntary effort to comply with the plaintiff's request.

From the foregoing facts the Court makes the following

### Conclusions of Law

1. That plaintiff is entitled to a permanent injunction directed to the defendants, their agents, employees, servants and attorneys, and all other persons in active concert or participation with any of them, jointly and severally:

A. Directing them forthwith,

1. To prepare, keep and make available for examination by the Office of Price Administration records hereinafter called "current pricing records", showing as precisely as possible the basis upon which defendants determined maximum prices in accordance with the pricing provisions of the Regulation for commodities sold by defendants after May 11, 1942, as required by Section 1499.12 of the Regulation; and

2. To keep and make available for examination by the Office of Price Administration records of the same kind as they have customarily kept, relating to the prices which they charged for commodities sold by them after May 11, 1942, as required by Section 1499.12 of said Regulation; and

3. To prepare and file with the District Office of the Office of Price Administration, Los Angeles, California, an application for specific authorization of maximum prices, as required by Section 1499.3(c) of the Regulation, for commodities sold by defendants for which the maximum prices cannot be determined under Section 1499.2 of the Regulation.

B. Restraining them from engaging in or causing any of the following acts or omissions to act:

1. Selling, delivering or offering to sell or deliver any of said commodities unless and until defendants first comply as to such commodity with the directions contained in demands designated "1", "2" and "3" under "A" immediately above.

2. Selling, delivering or offering to sell or deliver said commodities at prices in excess of the maximum prices established therefor by the Regulation, or by any other regulation establishing maximum prices for said commodities; and,

3. Doing or omitting to do any other act in violation of the Regulation or of any other regulation establishing maximum prices for said commodities; and

4. Offering, soliciting, attempting or agreeing to do any of the foregoing.

The Court further finds in reference to the contention of the defendants that they have since the investigation and the filing of this action complied with the statute; that it is not necessary to pass upon this contention, as the Supreme Court in the case of the United States, Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 65 S.Ct. 11, 14, held that "Voluntary discontinuance of an alleged illegal activity does not operate to remove a case from the ambit of judicial power." See Hecht Co. v. Bowles, 321 U.S. 321, 327, 64 S.Ct. 587, 88 L.Ed. 754.

Let judgment be prepared and entered accordingly.

### On Motion for Rehearing

Counsel for the defendants having filed his motion for a rehearing and to amend findings, conclusions and judgment, under date of December 26, 1944; and, pursuant to stipulation filed on January 18, 1945, the said motion having come before the Court for hearing on January 29, 1945, and at that time the Court having heard the arguments of counsel, and having considered the motion, now orders as follows:

The said motion of counsel for a rehearing is hereby denied.

With respect to the said motion to amend findings of fact, conclusions of law and the judgment, it is hereby ordered that:

(1) The motion to strike Finding 7 in its entirety is denied, except that the date in Finding 7 will be changed from "May 11, 1942", to "October 1, 1942". (page 3, lines 5 and 10.)

(2) The motion to strike certain parts of Finding 8 will be denied except that on line 15 thereof the date "May 11" will be stricken; and, in lieu thereof, the date "October 1" will be inserted. (page 3.)

(3) The motion to strike out certain parts of Finding 9 is denied. (pages 3 and 4.)

(4) The motion to strike from the conclusions of law, Conclusion No. 3, is denied.

(5) The motion to strike the following language "or by any other regulation establishing maximum prices for said commodi-

994

ties", paragraph 2, page 5, from the conclusions of law, is granted. (lines 6 and 7.)

(6) With respect to the motion to strike paragraph 3 of the conclusions of law, page 5, "doing or omitting to do any other act in violation of the regulation or of any other regulation establishing maximum prices for said commodities", there will be stricken from such paragraph the following language commencing on line 9 of paragraph 3, page 5, "or of any other regulation establishing maximum prices for said commodities".

(7) The motion to strike paragraph 4 of the conclusions of law, page 5, line 11, "offering, soliciting, attempting or agreeing to do any of the foregoing" is granted.

The court on its own motion strikes out "May 11", on line 4 of page 2 of the judgment, and inserts in lieu thereof "October 1", and there is also stricken from paragraph 3 of the judgment, page 2, line 16, the following language, "or hereafter amended or any other regulation promulgated by the Office of Price Administration governing the maximum prices of said commodities".

There is stricken from paragraph 4 of the judgment, page 2, commencing on line 20, the following language "as heretofore or hereafter amended, issued pursuant to the Emergency Price Control Act of 1942"; and, in lieu thereof, the following language is ordered to be inserted: "in effect at the time of filing this action".

It is further ordered that there be stricken from the judgment the following language commencing on line 23 and ending on line 28, page 2, of the judgment: "It is further ordered, adjudged and decreed that the jurisdiction of this cause is retained for the purpose of enabling any of the parties to this decree to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the construction of or the carrying out of this decree, for the modification thereof and the enforcement of compliance therewith, and for the punishment of any violations thereunder."

It is the opinion of the Court that to require the defendants to be bound by, or to require the defendants to be subject to, penalties for the violation of "any other act in violation of the regulations" or for "offering, soliciting, attempting or agreeing to do any of the foregoing", or to compel defendants to be bound by any future regulation, would deprive the defendants of their day in court, and would be a denial of the right of the defendants if the Court found that in good faith they should be permitted to attack a regulation before the Emergency Court of Appeals; in all other respects the findings of fact, conclusions of law and the judgment are affirmed.

■■■ It is the opinion of the Court that jurisdiction should not be retained in these actions for the purposes stated in the judgment. If future violations are found to occur by the plaintiff another action can be instituted. It is not the policy of this Court to keep defendants in a state of suspended animation, or hold above their heads the sword of Damocles which may fall at any moment, not knowing when they will be brought into court on contempt proceedings for a violation, real or alleged. See Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754; Bowles v. Town Hall Grill, 1 Cir., 145 F.2d 680; Bowles v. Huff, 9 Cir., 146 F.2d 428.

Counsel for the plaintiff will prepare amended findings of fact and conclusions of law and judgment within ten days after notice of this order and in accordance therewith, for the signature of the Court, after presenting same to counsel for the defendants for approval as to form.