**BOWLES, Price Administrator, v. HENRY LUSTIG & CO., Inc.**

No. 248.

Circuit Court of Appeals, Second Circuit.

May 1, 1946.

George Moncharsh, Deputy Administrator for Enforcement, Milton Klein, Director, Litigation Division, David London, Chief Appellate Branch, and Albert M. Dreyer, Atty., Office of Price Administration, all of Washington, D. C., and Kenneth V. Fisher, Regional Litigation Atty., and Callman Gottesman, Chief Enforcement Atty., Office of Price Administration, both of New York City, for appellant.

Wegman, Spark, Hoffman & Burke, of New York City (Richard J. Burke and Myron L. Shapiro, both of New York City, of counsel), for appellee.

Before SWAN, CLARK, and WOODBURY, Circuit Judges.

PER CURIAM.

The defendant is a wholesale dealer in fresh fruits and vegetables in New York City. It satisfies the requirements of the definition of a "purveyor" as that term is defined in M.P.R. 426 and section 3 of Revised Order G–1. Section 5(b) of this Order provides that "any person who meets the requirement of section 3 hereof may apply in writing to the Office of Price Administration" in New York

City "for recognition as a 'purveyor' and permission to take the markups established herein." Without having formally applied for such recognition and permission the defendant made sales to institutional users at prices applicable only to purveyors. Believing such sales to be in violation of M.P.R. 426 as amended, the Price Administrator brought the present action and applied therein for an injunction pendente lite. At the hearing it appeared that the defendant had not formally applied for permission to do business as a purveyor because the Regional Administrator required a profit and loss statement of the defendant's business for the year 1942 to be submitted with its application, although neither M.P.R. 426 nor General Order G-1 makes any reference to the furnishing of a profit and loss statement by an applicant. The district court thereupon adjourned the hearing for a brief time in the expectation that the differences between the parties could be adjusted by a conference between counsel. During the adjournment the defendant made formal application for recognition as a purveyor and showed by affidavit compliance with the requirements; but the Regional Administrator stated that he would be satisfied with nothing less than a profit and loss statement for 1942. The court was unable to perceive how such a statement would aid the Price Administrator in satisfying himself as to the defendant's compliance with the requirements for a purveyor and was of opinion that neither the Act, the Regulation nor General Order G-1 authorized the demanding of such a statement from an applicant for classification as a purveyor. The court concluded that the plaintiff had failed to present facts which would "in the exercise of a sound discretion" justify the granting of an injunction pendente lite. In cases under the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., as well as in litigation between private parties, the granting or refusal of an injunction is discretionary. Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754; Bowles v. Sacher, 2 Cir., 146 F.2d 186. We see no abuse of discretion in the case at bar.

Order affirmed.