This is a suit brought by plaintiff, C.P. Beers, the tenant of the premises 1021 Philip Street, against the defendants, Elbert J. Peters and Mrs. Louise Peters. Plaintiff alleges that defendants charged him in excess of the ceiling rental fixed under the provisions of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq., and that defendants failed to comply with an order of the Office of Price Administration dated June 14, 1946, issued by the local Rent Director, ordering a refund of the overcharge. He claims that he paid $5.00 per month in excess of the maximum rental for each month between June 1, 1945, and March 31, 1946, and that he is entitled to three times the amount of the overcharge under the provisions of Sec. 205(e) of the act.
An exception of no cause of action was filed by defendants to plaintiff's petition aimed at the constitutionality of the act. At the same time the defendants filed an answer alleging that the property involved is owned by the defendant, Elbert J. Peters, and that Mrs. Louise Peters had no interest in the property. Defendants also specially pleaded that Elbert J. Peters tendered the *Page 612 
amount of the overcharge of rents to plaintiff, which tender plaintiff refused to accept, and that plaintiff is not entitled to treble damages.
The exception was overruled by the lower court, and after a trial on the merits judgment was rendered in favor of defendant, Elbert J. Peters, dismissing the action as of non-suit. The plaintiff has appealed.
There is no dispute that a landlord who charges rent at a rate in excess of that fixed by the Rent Director, or who violates an order or regulation of the Office of Price Administration, renders himself liable for the penalties fixed in the Emergency Price Control Act. As regards a rental overcharge, the fixed penalty is treble the amount of such overcharge, plus interest, and also a reasonable attorney's fee.
[1] Counsel for defendants argues that the lower court erred in overruling the exception of no cause of action, and contends that the exception should be maintained as the Emergency Price Control Act of 1942 contravenes the provisions of the Fifth Amendment to the Federal Constitution. The validity of the act has been upheld by the Supreme Court of the United States in several cases, and in Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834, and Bowles v. Willingham,321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892, it was held that the act was not violative of the Fifth Amendment. The exception was properly overruled by the lower court.
The evidence shows that plaintiff moved into the premises 1021 Philip Street during June 1944, at which time the property was owned by one Treadaway, and plaintiff occupied the property under a month to month verbal lease and paid Treadaway rental at the rate of $25.00 per month in advance. Elbert J. Peters bought the property from Treadaway on June 20, 1945, and Beers remained in the property as the tenant of Peters and paid for his occupancy the same rental which he had been paying previously to Treadaway.
The property is a two-story double house, and the side occupied by Beers consists of seven rooms, five of which are located on the lower floor, with two rooms being located on the second floor. Throughout the period of his tenancy with Tread-away plaintiff had the full use of the seven rooms, and upon the attornment of the lease with Elbert J. Peters plaintiff still continued to occupy all seven rooms in the house. It appears that on November 29, 1945, through some sort of arrangement with Beers, Peters was allowed to rent the two upper rooms to another tenant, after which plaintiff ceased to occupy the said two rooms. However, Peters continued to exact $25.00 per month from Beers as rental for the five lower rooms, up to and including the month of March 1946. There is nothing in the record indicating whether the apartment, when consisting of seven rooms, was ever registered with the Rental Division of the Office of Price Administration as is provided by the regulations. However, during March 1946 Beers made a complaint to the Rent Director, the nature of which is not shown by the record, but the orders of the Rent Director issued thereafter tend to indicate that Beers' complaint was grounded upon Peters having collected the same rental for the five rooms as he had previously charged for the use of the seven rooms.
[2] There was an order issued on May 16, 1946, by the Rent Director to "Mrs. H. Peters" to the effect "that the maximum rent for the above described accommodations be, and it hereby is, decreased from $25.00 per month to $20.00 per month, effective from January 1, 1946" and "Mrs. H. Peters" was directed to refund the overcharge to Beers within thirty days from the date of the order. The order by its terms was issued pursuant to the provisions of Sections 5(c)3 and 5(b) of the Rent Regulations, which sections appear to apply in cases where there is a decrease in the rental accommodations or in the minimum services to be rendered by a landlord.
For some reason which has not been shown, pursuant to the same portions of the Rent Regulations, a "modified order" was issued on June 14, 1946, by the Rent Director reducing the rent to the same extent as the previous order, but making the reduction effective June 1, 1945. This order directed "Mrs. E. Peters" to make the appropriate refund to plaintiff. *Page 613 
Counsel for Peters contends that if any judgment is rendered against Peters it can only be for the amount of the overcharge in rent, as Peters tendered to plaintiff the amount of the refunds as fixed in the order of June 14, 1946, and that plaintiff declined to accept the amount tendered him. The testimony shows that Peters did make a tender to Beers, but Peters admitted on cross examination that the tender was made some months after his having received the order, and as the offer of refund was made more than thirty days after the date of the order the tender made by Peters must be considered as ineffectual.
[3] Counsel also argues that the order of the Rent Director was issued because of the decrease in the number of rooms in the rental unit, and that such being the case the order should not be retroactive beyond November 29, 1945, on which date the housing unit was reduced from seven to five rooms. It is also argued by counsel that under no circumstances should Beers be awarded a refund for the month of June 1945, as Peters did not acquire the property until June 20, 1945, the rent for the month of June having been paid by Beers to Treadaway, the former owner. The record seems to bear out the correctness of these contentions and we are inclined to believe that the order of June 14, 1946, was erroneously issued, at least to the extent that it fixed June 1, 1945, as the beginning of the period for which the refund should be made.
With great earnestness counsel asserts that it would be inequitable and most unreasonable to condemn Peters to make a refund commencing June 1, 1945. The evidence clearly shows that Peters did not collect the rent for the month of June 1945, and there is no doubt that the order does command Peters to refund rent which he did not collect, and while we believe it extremely harsh to enforce the order we are obliged to do so.
The Emergency Price Control Act of 1942, and the regulations adopted thereunder, contain comprehensive provisions which grant a landlord the right to apply for a review of orders issued by the Rent Director, and adequate facilities have been established for the handling and dispatching of such applications. There was no effort made by Peters, upon receipt of the order of June 14, 1946, to obtain a review thereof, and the adjudication contained in the order is now final and binding upon Peters and also upon this court. It is not within our province to examine or pass upon the legality or correctness of the order, or to inquire into the cause for the issuance thereof. By the provisions of the Emergency Price Control Act of 1942, Sec. 204(d), exclusive jurisdiction is conferred upon the Emergency Court of Appeals to determine the validity of any regulation or order issued by the Office of Price Administration. The pertinent portion of the act reads as follows:
"The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2, of any price schedule effective in accordance with the provisions of section 206, and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision."
[4] It has been held in many cases that power to consider the validity of any regulation or order of the Office of Price Administration is solely vested in the Emergency Court of Appeals. Henderson v. Burd, 2 Cir., 133 F.2d 515, 146 A.L.R. 714; Bowles v. Meyers, 4 Cir., 149 F.2d 440; Bowles v. Wheeler, 9 Cir., 152 F.2d 34; Bowles v. Nu Way Laundry, 10 Cir.,144 F.2d 741. And the exclusive jurisdiction of said court applies not only in the case of a regulation of general applicability but also in the case of an individual order. Bowles v. Willingham, supra; Yakus v. United States, supra. *Page 614 
The evidence shows that defendant Louise Peters, is in no wise interested in the property 1021 Philip Street, and that she merely collected the rent from Beers as the agent and for the account of Elbert J. Peters.
[5] Whereas Elbert J. Peters failed to comply with the order of the Rent Director of June 14, 1946, we are constrained to hold him liable to plaintiff under Sec. 205 (e) of the Emergency Price Control Act of 1942 for three times the overcharge of rent for the period beginning June 1, 1945, and ending March 31, 1946, the rental overcharges for said period aggregating $50.00. Under said section of the act plaintiff is also entitled to recover from Peters a reasonable attorney's fee, and we believe that the sum of $50.00 is a proper allowance therefor. The court below was in error in dismissing plaintiff's action as of non-suit.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby reversed, and that there be judgment in favor of plaintiff and appellant, C.P. Beers, and against defendant and appellee, Elbert J. Peters, for the sum of $150.00, with legal interest from judicial demand, plus $50.00 attorney's fee, and for all costs of the lower court and also for the costs of this appeal.
Reversed.